| | |
|---|---|
| Kevin M. Flowers (admitted *pro hac vice*) | Katherine LaBarre (State Bar No. 269726) |
| John R. Labbé (admitted *pro hac vice*) | Email:  katherine.labarre@kayescholer.com |
| MARSHALL, GERSTEIN & BORUN LLP | Michael J. Malecek (State Bar No. 171034) |
| 233 South Wacker Drive | Email:  michael.malecek@kayescholer.com |
| 6300 Willis Tower | KAYE SCHOLER LLP |
| Chicago, Illinois 60606-6357 | Two Palo Alto Square, Suite 2-400 |
| (312) 474-6300 (telephone) | 3000 El Camino Real |
| (312) 474-0448 (facsimile) | Palo Alto, California  94306-2112 |
| E-Mail: kflowers@marshallip.com | Telephone:  (650) 319-4500 |
| E-Mail: jlabbe@marshallip.com | Facsimile:  (650) 319-4700 |

Gina A. Bibby
FOLEY & LARDNER LLP
975 Page Mill Road
Palo Alto, CA 94304
(650) 856-3700
(650) 856-3710 (facsimile)
E-Mail: gbibby@foley.com

Attorneys for Plaintiffs
ILLUMINA, INC. and SOLEXA, INC.

Attorneys for Defendant and Counterclaimant
COMPLETE GENOMICS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| ILLUMINA, INC. and SOLEXA, INC., | Case No. 3:10-cv-05542 CRB |
| Plaintiffs, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | |
| COMPLETE GENOMICS, INC. | Date:     April 8, 2011 |
| Defendant. | Time:    8:30 A.M. |
| | Judge:   Honorable Charles R. Breyer |
| | Place:    Courtroom 8, 19th Floor |

Pursuant to Fed. R. Civ. P. 26(f), Civil Local Rule 16-10, Patent Local Rule 2-1, and the Court's Order Setting Case Management Conference, Plaintiffs Illumina, Inc. and Solexa, Inc. (collectively "Illumina") and Defendant Complete Genomics, Inc. ("CGI") submit this Joint Case Management Conference Statement.

1. **Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.**

This Court has subject matter jurisdiction over Illumina's claims for patent infringement under 28 U.S.C. §§ 1331 and 1338(a). This Court has subject matter jurisdiction over CGI's declaratory judgment and Sherman Act counterclaims under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202. All parties are subject to the personal jurisdiction of this Court, venue is proper, and no parties remain to be served.

2. **Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.**

Illumina and CGI are competitors in the field of DNA sequencing. Illumina designs, manufactures, and sells several platforms for high-throughput DNA sequencing including its Genome Analyzer and HiSeq sequencing instruments. CGI offers DNA sequencing services to its customers through its Complete Genomics Analysis Service ("CGA™ Service"). In performing its CGA™ Service, CGI employs its Complete Genomics Analysis Platform ("CGA™ Platform"), which includes its Combinatorial Probe-Anchor Ligation (or "cPAL™") read technology among other technologies.

Illumina alleges that through CGI's use of its CGA™ Platform to perform DNA sequencing services, CGI infringes three Illumina patents, specifically U.S. Patent No. 6,306,597 ("the '597 patent"), U.S. Patent No. 7,232,656 ("the '656 patent"), and U.S. Patent No. 7,598,035 ("the '035 patent") (collectively "the Illumina Patents"). CGI denies that it infringes any of the Illumina Patents. CGI further alleges that all of the Illumina Patents are invalid, and it alleges that the '597 patent is unenforceable due to inequitable conduct. CGI also claims that by filing its claim for infringement of the '597 patent against CGI, Illumina has violated Section 2 of the Sherman Act under the doctrine of *Walker Process Equipment, Inc. v. Food Machine & Chemical*

*Corp.*, 382 U.S. 172 (1965). Illumina denies that any of the Illumina patents are invalid and denies that it has violated the Sherman Act.

**3. Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.**

The legal issues in this patent infringement action will include the proper construction of the asserted claims of the Illumina Patents. The parties are currently unaware of any other specific disputed points of law that may arise in this case.

**4. Motions: All prior and pending motions, their current status, and any anticipated motions.**

On September 20, 2010, CGI filed a Motion to Transfer this case from the District of Delaware to the Northern District of California. This motion was granted and the case was ordered to be transferred on November 9, 2010. The case was opened in the Northern District of California on December 7, 2010.

On December 28, 2010, CGI filed an Administrative Motion to Consider Whether Cases Should Be Related to have the present case related to *Applera Corp.-Applied Biosystems Group v. Illumina, Inc., Solexa, Inc. and Macevicz*, No. 07-cv-02845 heard by Judge Alsup. Judge Alsup issued an order on January 5, 2011, finding that the two cases are not related.

On January 21, 2011, CGI filed a Motion to Stay this case pending the outcome of *inter partes* reexamination proceedings before the U.S. Patent and Trademark Office regarding the '656 Patent and the '035 Patent. The Court held a hearing regarding this motion on March 25, 2011. A further hearing on this motion will be held on a later date.

**5. Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.**

The parties do not presently expect to amend their pleadings. As set forth in the Proposed Case Management Schedule in Exhibit A hereto, the parties propose that amended pleadings, if any, be due by January 15, 2012.

6. **Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voicemails, and other electronically-recorded material.**

The parties have taken necessary steps to preserve documents including notifying relevant individuals of this litigation and instructing them to preserve both hard-copy and electronic documents containing information reasonably likely to be relevant to the issues in this litigation. The parties have agreed that relevant individuals include prosecuting attorneys of the patents-in-suit and the corresponding reexamination proceedings, including individuals from Marshall, Gerstein & Borun LLP, Klauber & Jackson, King & Spalding LLP, Foley & Lardner LLP, and Reinhart Boerner Van Deuren.

7. **Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.**

The parties exchanged initial disclosures in compliance with the requirements of Fed. R. Civ. P. 26 on March 28, 2011. In those disclosures, the parties disclosed lists of witnesses and categories of documents that they may rely upon in support of their claims or defenses in this case.

8. **Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).**

**Proposed Case Management Schedule.** In **Exhibit A** hereto, the parties outline a Proposed Case Management Schedule, which includes proposed deadlines for the completion of fact and expert discovery.

**Discovery taken and anticipated discovery.** On March 23, 2011, Illumina served its First Set of Requests for Production and First Set of Interrogatories upon CGI. The parties anticipate that discovery in this case will include additional written discovery and depositions. The parties expect to adhere to the discovery limits set forth in the Federal Rules of Civil Procedure except that CGI reserves the right to seek two days of depositions of inventor Macevicz, as he is the inventor of two of the three patents-in-suit (although Illumina does not agree that two days of deposition are warranted). CGI notes that the four inventors on the '656

1 patent are all former employees of Solexa who are believed to reside in the U.K. If formal
2 process is required to secure their cooperation in sitting for a deposition in this matter, CGI
3 believes that will likely impact the schedule in this case.

4 **Production of documents and electronically stored information ("ESI").** The parties
5 agree to produce all documents in single-page TIFF format along with load files. The parties
6 agree to produce ESI spreadsheets, such as Microsoft Excel spreadsheets, in native format. The
7 parties agree to meet and confer regarding additional issues regarding the format and process for
8 the production of documents especially regarding the production of ESI and associated images,
9 text, and metadata.

10 **Claims of privilege.** The parties agree that documents protected from discovery by
11 privilege or the work-product doctrine created on or after the date that Illumina filed this action
12 (August 3, 2010) need not be included on a privilege log. Other issues relating to claims of
13 privilege, including a procedure to assert such claims after production, will be addressed in a
14 Stipulated Protective Order that the parties will separately propose to the Court.

15 **Service of documents.** The parties consent to service via electronic mail pursuant to Fed.
16 R. Civ. P. 5(b)(2)(E).

17 **9. Class Actions: If a class action, a proposal for how and when the class will be certified.**
18
19 This is not a class action.

20 **10. Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.**

21 In the case of *Applera Corp.-Applied Biosystems Group v. Illumina, Inc., Solexa, Inc. and*
22 *Macevicz*, No. 07-cv-02845 (N.D. Cal. 2007), Illumina filed a countersuit against Applera Corp.-
23 Applied Biosystems Group asserting that Applera infringed multiple patents, including the '597
24 patent. That case was tried to a jury in January 2009. During that trial, Illumina and Solexa
25 stipulated that Claim 1 of the '597 patent was invalid. The Federal Circuit affirmed the district
26 court's rulings in March 2010.

27 In the case of *Life Technologies Corp. et al. v. Illumina, Inc. and Solexa, Inc.*, Case No.
28 09-CV-706-BMS (D. Del. 2009), Illumina has filed a countersuit against Life Technologies Corp.

("Life Tech") asserting that Life Tech has infringed the '656 and '035 Patents. That case is currently scheduled for trial in November 2011, although Illumina now expects that case to be transferred to the Southern District of California and trial to be postponed until at least January 2012.

The '656 and '035 Patents are both involved in pending *inter partes* reexamination proceedings before the U.S. Patent & Trademark Office. The *inter partes* reexamination concerning the '656 patent was filed on January 27, 2010 by Life Technologies and the *inter partes* reexamination concerning the '035 patent was filed on January 13, 2010 by Life Technologies.

**11.     Relief:  All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated.  In addition, any party from whom damages are sought must describe the bases on which it contends damage should be calculated if liability is established.**

Illumina seeks permanent injunctive relief pursuant to 35 U.S.C. § 283 and damages pursuant to 35 U.S.C. § 284. Illumina seeks damages adequate to compensate it for CGI's infringement of the Illumina Patents in an amount not less than a reasonable royalty. Illumina requires discovery including an accounting of CGI's sales of services and products relating to DNA sequencing before it can calculate the amount of damages it seeks.

CGI seeks dismissal of the Complaint; declaratory judgment that the '597, '656, and '035 patents are invalid and not infringed; declaratory judgment that Illumina's claims are limited and/or barred by the doctrines of laches, prosecution laches, estoppel, and/or waiver; a finding that this case is an exceptional case under 35 U.S.C. § 285 and ordering Illumina to reimburse CGI for their attorneys fees and costs; and profits for its lost sales of services, attorneys fees, and treble damages under Section 2 of the Sherman Act under the doctrine of *Walker Process Equipment, Inc. v. Food Machine & Chemical Corp.*, 382 U.S. 172 (1965).  Complete Genomics requires discovery to determine the extent of damages it seeks.

12. **Settlement and ADR:** Prospects for settlement, ADR efforts to date, and specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

Pursuant to ADR L.R. 3-5, the parties agree to participate in the Court's mediation ADR process. To date, the parties have not engaged in any ADR efforts.

13. **Consent to Magistrate Judge For All Purposes.** Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

The parties are currently in discussions regarding proceeding before a magistrate judge. On Thursday, March 31, 2011 CGI informed Illumina that it was willing to proceed with either Magistrate Judge Elizabeth Laporte or Magistrate Judge Paul Grewal. Illumina is also willing to proceed before a magistrate judge and is considering CGI's proposal to proceed with either Magistrate Judge Laporte or Magistrate Judge Grewal. If the parties reach agreement, they will advise the Court immediately.

14. **Other References.** Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues.** Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims or defenses.

The parties are unaware of any issues that can be narrowed by agreement or by motion at this time.

16. **Expedited Schedule.** Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

This case should proceed without delay but is not appropriate for expedited or streamlined procedures.

17. **Scheduling:** Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

CGI believes this case should be stayed for at least six months to allow for further development of the reexamination proceedings, as set forth in its Motion to Stay. Illumina

believes that this case should proceed immediately at least with respect to the '597 patent, which is not the subject of a pending reexamination proceeding. If CGI's Motion to Stay is denied, the parties submit a Proposed Case Management Schedule as **Exhibit A** hereto.

Pursuant to Patent Local Rule 2-1(a):

(1) The parties have agreed to be bound by deadlines set forth in the Patent Local Rules without substantive modification.

(2) CGI believes that depositions of the inventors of any patent-in-suit are appropriate for claim construction purposes. Four of the inventors of the patents-in-suit are former Solexa employees and are located in the United Kingdom. If problems arise in obtaining their depositions, CGI reserves the right to seek adjustment in the schedule accordingly. Illumina does not agree that the depositions of the inventors of any of the patents-in-suit are appropriate for claim construction purposes, because claim construction is a question of law for which inventor testimony is not relevant.

(3) The parties will meet and confer regarding the claim construction hearing, but currently anticipate that the hearing would only involve attorney argument (rather than live testimony) and would require approximately two hours of the Court's time.

(4) The parties are prepared to present a technology tutorial at such time and in such format as preferred by the Court. For example, a week before the claim construction hearing, the parties could present attorney presentations each lasting approximately one hour.

**18.** **Trial: Whether the case will be tried to a jury or the court and the expected length of the trial.**

This case will be tried to a jury, and the parties expect the trial to require approximately seven to ten trial days unless subsequent developments result in a narrowing of the case.

**19.** **Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.**

Illumina and CGI have each filed a Disclosure of Non-party Interested Entities or Persons.

Illumina, Inc. is a publicly traded company and until February 8, 2010, Solexa, Inc. was a wholly owned subsidiary of Illumina, Inc. On February 8, 2010, Solexa, Inc. was merged into Illumina, Inc. Illumina is unaware of any other person, firm, partnership, corporation, or other entity with either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

Complete Genomics, Inc. is a publicly traded company. CGI is unaware of any other person, firm, partnership, corporation, or other entity with either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

**20.   Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.**

None.

Dated: April 1, 2011

| | |
|---|---|
| s/ Katherine LaBarre | /s/ John R. Labbé |
| Michael J. Malecek (State Bar No. 171034) | Kevin M. Flowers (admitted *pro hac vice*) |
| Email: michael.malecek@kayescholer.com | Email: kflowers@marshallip.com |
| Katherine LaBarre (State Bar No. 269726) | John R. Labbé (admitted *pro hac vice*) |
| Email: katherine.labarre@kayescholer.com | Email: jlabbe@marshallip.com |
| KAYE SCHOLER LLP | MARSHALL, GERSTEIN & BORUN LLP |
| Two Palo Alto Square, Suite 2-400 | 233 South Wacker Drive |
| 3000 El Camino Real | 6300 Willis Tower |
| Palo Alto, California 94306-2112 | Chicago, Illinois 60606-6357 |
| Telephone: (650) 319-4500 | Telephone: (312) 474-6300 |
| Facsimile: (650) 319-4700 | Facsimile: (312) 474-0448 |
| | |
| | Gina A. Bibby |
| Attorneys for Defendant and Counterclaimant | Email: gbibby@foley.com |
| COMPLETE GENOMICS, INC. | FOLEY & LARDNER LLP |
| | 975 Page Mill Road |
| | Palo Alto, CA 94304 |
| | Telephone: (650) 856-3700 |
| | Facsimile: (650) 856-3710 |
| | |
| | Attorneys for Plaintiffs |
| | ILLUMINA, INC. and SOLEXA, INC. |

# EXHIBIT A

Proposed Case Management Schedule

| Event | Date |
|---|---|
| Rule 26 Conference of Parties (FRCP 26(f)) | March 14, 2011 |
| Last day to serve Initial Disclosures (FRCP 26(a)(1)) | March 28, 2011 |
| Last day to file Joint Case Management Statement (per Court Order) | April 1, 2011 |
| Case Management Conference (per Court Order) | April 8, 2011 |
| Last day to join parties | January 15, 2012, 2 months before close of fact discovery (without leave of Court) |
| Last day to file and serve amendments to the pleadings | January 15, 2012, 2 months before close of fact discovery (without leave of court) |
| Last day for Illumina to serve Disclosure of Asserted Claims and Preliminary Infringement Contentions and produce documents (Patent L.R. 3-1, 3-2) | April 22, 2011 (14 days after Initial Case Management Conference) |
| Last day for Complete to serve Preliminary Invalidity Contentions and produce documents (Patent L.R. 3-3, 3-4) | June 6, 2011 (45 days after service of Disclosure of Asserted Claims and Preliminary Infringement Contentions) |
| Last day for parties to exchange proposed claim terms for construction (Patent L.R. 4-1) | June 20, 2011 (14 days after service of Invalidity Contentions) |
| Last day for parties to exchange Preliminary Claim Constructions and Extrinsic Evidence (Patent L.R. 4-2) | July 11, 2011 (21 days after Patent L.R. 4-1 exchange) |
| Last day for parties to file Joint Claim Construction and Prehearing Statement (Patent L.R. 4-3) | August 5, 2011 (60 days after service of Invalidity Contentions) |
| Last day to complete Claim Construction discovery (Patent L.R. 4-4) | September 6, 2011 (30 days after filing of Joint Claim Construction and Prehearing Statement) |

| Event | Date |
|---|---|
| Last day for Illumina to file Opening Claim Construction Brief (Patent L.R. 4-5) | September 19, 2011 (45 days after filing of Joint Claim Construction and Prehearing Statement) |
| Last day for Complete to file Responsive Claim Construction Brief (Patent L.R. 4-5) | October 3, 2011 (14 days after service of Opening Claim Construction Brief) |
| Last day for Illumina to file Reply Claim Construction brief (Patent L.R. 4-5) | October 11, 2011 (7 days after service of Responsive Claim Construction Brief) |
| Claim construction prehearing conference and tutorial (format and timing to be determined by the Court) | At Court's convenience |
| Claim construction hearing (Patent L.R. 4-6) (format and timing to be determined by the Court) | At Court's convenience |
| Complete fact discovery | March 15, 2012 |
| Designate Experts/Exchange expert reports on issues on which a party bears the burden | 60 days after Court's claim construction ruling |
| Designate Rebuttal Experts/Exchange rebuttal expert reports | 45 days after production of expert reports |
| Exchange reply expert reports | 30 days after production of rebuttal expert reports |
| Complete expert discovery | 45 days after production of reply expert reports |
| Last date to file dispositive motions | 30 days after close of expert discovery |
| Pretrial Conference | At Court's convenience |
| Trial | At Court's convenience |

**ATTESTATION CLAUSE**

I, John R. Labbé, hereby attest in accordance with General Order No. 45.X(B) that Kathy LaBarre, counsel for Defendant Complete Genomics, Inc., has provided her concurrence with the electronic filing of the foregoing document entitled JOINT CASE MANAGEMENT STATEMENT.

Dated: April 1, 2011                            By:   */s/ John R. Labbé*
                                                      John R. Labbé