UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ILLUMINA, INC and SOLEXA INC.,

    Plaintiff,

v.

COMPLETE GENOMICS, INC.,

    Defendant.

No. C-10-5542 EDL

CASE MANAGEMENT SCHEDULING ORDER

Following the Case Management Conference held on May 3, 2011, IT IS HEREBY ORDERED THAT pursuant to Fed. R. Civ. P. 16, the following case management and pretrial order is entered:

1. <u>LAST DAY TO JOIN OTHER PARTIES OR AMEND PLEADINGS</u>

The deadline for adding parties is May 17, 2011.

The last day to file and serve amendments to the pleadings is January 15, 2012.

2. <u>PATENT LOCAL RULE EXCHANGES AND CLAIM CONSTRUCTION</u>

    a. Disclosure of asserted claims and infringement contentions and document production pursuant to Patent L.R. 3-1 and 3-2 shall be made by May 17, 2011.

    b. Patent L.R. 3-3 preliminary invalidity contentions and L.R. 3-4 document production are due no later than July 1, 2011. To extent not already disclosed, the parties shall also exchange mandatory disclosures other than information directed solely toward damages by this date.

    c. Patent L.R. 4-1 exchange of proposed terms and claims elements for construction shall occur no later than July 15, 2011.

1         d.      Patent L.R. 4-2 exchange of preliminary claim constructions and extrinsic evidence shall occur no later than August 5, 2011.

        e.      The parties shall file a Patent L.R. 4-3 joint claim construction and pre-hearing statement and provide an estimate of how many pages are needed to brief the dispute no later than August 30, 2011.

        f.      Claim construction discovery shall be completed by September 29, 2011.

        g.      The parties claiming patent infringement shall file and serve opening claim construction briefs pursuant to Patent L.R. 4-5(a) no later than October 14, 2011.

        h.      Opposition claim construction briefs pursuant to Patent L.R. 4-5(b) shall be filed and served no later than October 28, 2011.

        i.      Reply claim construction briefs shall be filed and served no later than November 4, 2011.

        j.      The Court will hold a claim construction tutorial on November 30, 2011 at 10:00 a.m.

        k.      The Court will hold a Patent L.R. 4-6 claim construction hearing on December 9, 2011 at 2:30 p.m.

        l.      After the Court construes the claims, it will promptly set dates for the rest of the case.

    3.    DISCOVERY

        a.      The parties agree to 25 interrogatories.

        b.      Rule 26(e)(1) of the Federal Rules of Civil Procedure requires all parties to supplement or correct their initial disclosures, expert disclosures, pretrial disclosures, and responses to discovery requests under the circumstances itemized in that Rule, and when ordered by the Court. The Court expects that the parties will supplement and/or correct their disclosures promptly when required under that Rule, without the need for a request from opposing counsel. **In addition to the general requirements of Rule 26(e)(1), the parties will supplement and/or correct all previously made disclosures and discovery responses 28 days before the fact discovery cutoff date.**

c. Pursuant to Civil L.R. 37-1(b), telephone conferences are available to resolve disputes during a discovery event, such as a deposition, where the resolution during the event likely would result in substantial savings of expense or time.

d. **Privilege logs.** If a party withholds information that is responsive to a discovery request, and is otherwise discoverable under the Federal Rules of Civil Procedure, by claiming that it is privileged, or protected from discovery under the attorney work product doctrine or any other protective doctrine (including, but not limited to, privacy rights), that party shall prepare a "privilege log" (Fed. R. Civ. P. 26(b)(5)) setting forth the privilege relied upon and specifying separately for each document or for each category of identically situated documents:

1. The name, job title, or capacity of the author;
2. The name, job title, or capacity of each recipient;
3. The date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s);
4. The title and description of the document;
5. The subject matter addressed in the document;
6. The purpose(s) for which it was prepared or communicated; and
7. The specific basis for the claim that it is privileged.

The privilege log production shall be governed by the parties' stipulation. To the extent that this order conflicts with the parties' Court-approved stipulations, those stipulations govern.

e. In responding to requests for documents and materials under Rule 34 of the Federal Rules of Civil Procedure, all parties shall affirmatively state in a written response served on all other parties the full extent to which they will produce materials and shall, promptly after the production, confirm in writing that they have produced all such materials so described that are locatable after a diligent search of all locations at which such materials might plausibly exist.

4. ALTERNATIVE DISPUTE RESOLUTION/SETTLEMENT CONFERENCE

The parties agree to participate in the court's Mediation ADR process.

Finally, to the extent that the parties have stipulated to certain additional items in their Joint Case Management Statement, these are hereby incorporated into this order.

Dated: May 16, 2011

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge