Michael J. Malecek (State Bar No. 171034)
Email address: michael.malecek@kayescholer.com
Sean Boyle (State Bar No. 238128)
Email address: sean.boyle@kayescholer.com
Marisa Armanino Williams (State Bar No. 264907)
Email address: marisa.armanino@kayescholer.com
KAYE SCHOLER LLP
Two Palo Alto Square, Suite 400
3000 El Camino Real
Palo Alto, California 94306
Telephone: (650) 319-4500
Facsimile: (650) 319-4700

Attorneys for Defendant
COMPLETE GENOMICS, INC.

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ILLUMINA, INC., and SOLEXA, INC., </br></br>Plaintiffs, </br></br>v. </br></br>COMPLETE GENOMICS, INC., </br></br>Defendant. | Case No. 3:10-cv-05542 EDL </br></br>**DEFENDANT COMPLETE GENOMICS, INC.'S MOTION TO (1) SHORTEN TIME TO HEAR ILLUMINA, INC.'S MOTION FOR RECONSIDERATION OF ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING CLAIMS 14 AND 15 AND (2) TO SET A BRIEFING SCHEDULE FOR COMPLETE GENOMICS, INC.'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT OF CLAIMS 2, 4, AND 5 OF THE '597 PATENT** |

## I. INTRODUCTION

Pursuant to Civil Local Rule 6-3, Complete Genomics, Inc. ("CGI") moves to shorten the time for the proposed hearing date (assuming the Court even desires a hearing) on Illumina, Inc.'s ("Illumina") Motion For Reconsideration Of Order Granting Defendant's Motion For Partial Summary Judgment Regarding Claims 14 and 15 (Dkt. No. 205) from January 22, 2013 to December 18, 2012. CGI also requests that the Court set a schedule for CGI's motion for summary judgment of noninfringement of the three remaining "kit" claims in this litigation.

The reason for these requests relate to the pending acquisition of CGI by BGI-Shenzhen ("BGI") and Illumina's corresponding attempts to subvert that transaction by intimidating BGI with this litigation, and by using this litigation to discourage CGI's stockholders from tendering their shares to BGI. The pending acquisition of CGI by BGI is critical to the continuing existence of CGI. Prompt resolution of this matter will put an end to Illumina's use of the pending litigation to prevent that from happening.

## II. ARGUMENT

### A. Reasons For Shortening of Time

#### 1. The Planned Merger Is Critical to CGI's Continued Existence

As CGI previously informed the Court, CGI is under severe financial duress. *See* Dkt. No. 191; *see also* Dkt. No. 192, Declaration from Mr. Bansal, Chief Financial Officer of CGI. The Court has acknowledged this. *See* Dkt. No. 196. CGI is an early, commercial-stage company burdened by substantial capital demands, continued operating losses and significant debt. In an attempt to avoid insolvency, in June 2012, CGI implemented a restructuring program to stem cash consumption, and commenced a publicly-announced search for a strategic solution to the company's deteriorating financial condition. Declaration of Clifford A. Reid in Support of CGI's Motion to Shorten Time ("Reid Decl.") at ¶3, Ex. 1 attached thereto.

Following a lengthy search for a strategic alternative, CGI entered into a definitive Agreement and Plan of Merger with BGI on September 15, 2012. *Id*. at ¶6. In connection with that agreement, BGI agreed to provide CGI with a bridge loan of up to $30 million during the period of up to six months that it might take to complete the acquisition. *Id*. Completion of the

acquisition requires, among other conditions, that at least 50% of CGI's stockholders tender their shares to BGI. *Id*. at ¶8. A failure to complete the acquisition in a timely manner will almost certainly result in CGI ceasing to operate as a going concern. *Id*. at ¶12.

### 2. Illumina is Taking Active Steps to Disrupt and Prevent the BGI Merger

Illumina, a direct competitor of CGI and a spurned suitor, is actively seeking to use the cost and length of this litigation as leverage to dissuade both BGI and the CGI's stockholders from completing their transaction. *Id*. at ¶4-5. After learning of the proposed acquisition by BGI, Illumina's CEO, Jay Flatley, publicly stated "I'm kind of surprised it wound up being the Chinese in this case, particularly with the intellectual property lawsuit we have going." *Id.* at ¶ 7, Ex. 2 attached thereto. Later, Illumina contacted BGI directly concerning this litigation to "bring [it] to BGI's attention," stating they would "vigorously" continue to assert patents against CGI and were "highly confident" they would prevail on the then-pending summary judgment. *Id.* at ¶ 9, Ex. 3. Illumina told BGI "as soon as the Judge issues her validity order, which we are expecting any day now, we will file for summary judgment of CGI's infringement of our patent." *Id*. However, after losing that motion, Illumina *opposed* CGI's proposal to move this matter forward by filing its own motion for summary judgment of non-infringement on the remaining "kit" claims. *See* Dkt. No. 200 at 1. Instead, Illumina eventually filed a motion for reconsideration in an attempt to further prolong this litigation. Illumina even went so far as to make a press release to tout the Court's decision to grant Illumina leave to file a motion for reconsideration as a major victory. Reid Decl. at ¶ 11, Ex. 5. CGI believes these actions represent a concerted effort to disrupt, and ultimately prevent, any continued progress of the planned acquisition.

Additionally, Illumina has used the public forum in an attempt to sow doubt among the CGI stockholders and dissuade them from tendering their shares to BGI. As Illumina well knows, BGI cannot complete its acquisition of CGI unless at least 50% of CGI's outstanding shares are tendered. *Id.* at ¶ 8.

Illumina has made a non-binding proposal to CGI's board of directors to acquire CGI at a marginally higher price than BGI's agreed price, but has not launched a formal, binding tender

offer. *Id.* at ¶10, Ex. 4. These efforts, taken in conjunction with the public statements made regarding the litigation, represent an obvious attempt by Illumina to persuade CGI's stockholders to withdraw or reevaluate their support for the pending acquisition by BGI. To prevent Illumina from using this litigation to create confusion and interfere with CGI's agreement with BGI, CGI respectfully requests relief as follows.

**B.     Requested Relief**

First, CGI requests that the briefing and hearing schedule on the motion to reconsider be accelerated. Illumina filed its motion on November 30, 2012, and noticed it for hearing on January 8, 2012.[1] CGI will file its opposition on December 4, 2012 (rather than December 14), and requests that Illumina file its reply, if any, no later than December 11, 2012. If the Court requires oral argument to resolve this motion for reconsideration, CGI requests that the Court hear this motion on December 18, 2012, or on another specially set date as soon as possible. Of course, the Court may choose to rule on the papers without further argument.

Second, CGI asks that it be allowed to file its motion for summary judgment of non-infringement of the "kit" claims.[2] If Illumina intends to dismiss those claims, as it has suggested it may do in the Joint Status Statement (*see* Dkt. No. 200 at 1 ("[D]epending on the outcome of Illumina's [motion for leave to file] Illumina will decide whether to continue to assert infringement of the kit claims"), then Illumina can commit to that position now, and eliminate the need for summary judgment on the "kit" claims. However, if Illumina is unwilling to commit to that plan, then CGI should be allowed to file its motion. CGI proposes that it file its motion for summary judgment of noninfringement of the "kit" claims no later than December 7, 2012; Illumina files its opposition no later than December 21, 2012; and CGI files its reply no later than

---

[1] Immediately prior to the filing of this motion to shorten time, the Court issued an Order setting a briefing schedule and a hearing date of January 22, 2013.

[2] At this point, Illumina's sole remaining claims are the so-called "kit" claims, which CGI can promptly dispose of with a short summary judgment motion. CGI does not segregate its probes by annealing temperature as required by the claims, but, instead, applies all possible probes of 9 bases in length. This is 262,144 different probes applied at the same time. If one calculates the annealing temperatures of these probes by any method, the range is over 60 degrees Celsius, not 1 degree as required by the claims.

3

MOTION TO SHORTEN TIME                                Case No. 3:10-cv-05542 EDL

January 4, 2013. The hearing would be noticed for January 22, 2013, subject to the Court's convenience.

### C. Efforts To Reach Agreement

On December 2, 2012, CGI asked Illumina to agree to each of these two proposals. Declaration of Sean M. Boyle, Ex. 1. Counsel for both parties met and conferred by teleconference on December 3, 2012, but could not reach agreement.

### D. No Substantial Harm or Prejudice Would Occur

CGI requests only a modest adjustment to the schedule, and as discussed above, has compelling reasons to move forward with this case as quickly as possible. Illumina's continued improper use of the pendency of this case as a sword in its quest to derail BGI's pending acquisition of CGI, and drive CGI into bankruptcy, will be obviated with the disposition of this case. By contrast, Illumina would suffer no prejudice if the schedule were shortened, as it would enjoy the same amount of time under the Local Rules to prepare its reply to CGI's opposition to the motion for reconsideration.

Similarly, CGI's request to resolve this case with the filing of its simple summary judgment motion of noninfringement of the remaining "kit" claims will end Illumina's unfounded misuse of this litigation. Illumina will not be prejudiced because they will have a normal two week briefing schedule in which to oppose the motion.

### E. Nature of Underlying Dispute

Illumina moves the Court to reconsider its Order granting CGI's motion for summary judgment of invalidity of claims 1, 9, 10, and 14-19 of the '597 patent, issued on October 16, 2012. *See* Dkt. Nos. 205 and 197. CGI opposes this motion because Illumina has merely repeated arguments raised in opposition to CGI's motion for summary judgment of invalidity, and has failed to demonstrate that the Court committed clear error in reaching its decision.

CGI seeks to resolve the remaining patent claims by filing a simple motion for summary judgment of noninfringement of the remaining "kit" claims. The "kit" claims require segregation of probes by annealing temperature. CGI does not segregate its probes, and instead applies all its probes at one time. *See* footnote 1 above. Illumina may or may not oppose this motion. *See* Dkt.

4

1  No. 200 at 1 ("[D]epending on the outcome of Illumina's [motion for leave to file] Illumina will
2  decide whether to continue to assert infringement of the kit claims").

### F. All Previous Time Modifications

CGI respectfully refers the Court to the Stipulated Order issued on October 31, 2012, for the previous modifications of the case schedule. Dkt. No. 199 at 1-2. Notably, CGI filed its motion for summary judgment of invalidity in May of 2012, which was followed by multiple extensions of the case schedule, and resulted in an order issued on October 16, 2012. *See* Dkt. Nos. 142 and 197. After the summary judgment motion was granted, the Court vacated the remaining case schedule. Dkt. No. 199.[3]

### G. The Effect of the Requested Time Modifications

The requested shortening of the time to hear the motion to reconsider will not impact Illumina's opportunity to submit a reply brief.

The requested briefing schedule for CGI's motion for summary judgment of noninfringement of the "kit" claims follows a briefing schedule which will move the case more quickly to conclusion.

### III. CONCLUSION

For these reasons, CGI respectfully requests that the Court (1) grant its motion to shorten the time to hear Illumina's motion for reconsideration, and/or (2) set the schedule for CGI's motion for summary judgment of noninfringement of the remaining claims in this case.

Dated: December 4, 2012           Respectfully submitted,

                                  KAYE SCHOLER LLP


                                  By:   */s/ Michael J. Malecek*
                                        Michael J. Malecek
                                        Attorneys for Defendant and Counterclaimant
                                        COMPLETE GENOMICS, INC.

---

[3] It then took until November 9, 2012 for Illumina to request leave to file its motion for reconsideration.