Michael J. Malecek (State Bar No. 171034)
Email address: michael.malecek@kayescholer.com
Sean Boyle (State Bar No. 238128)
Email address: sean.boyle@kayescholer.com
Marisa Armanino Williams (State Bar No. 264907)
Email address: marisa.armanino@kayescholer.com
KAYE SCHOLER LLP
Two Palo Alto Square, Suite 400
3000 El Camino Real
Palo Alto, California 94306-2112
Telephone:    (650) 319-4500
Facsimile:     (650) 319-4700

Attorneys for Defendant
COMPLETE GENOMICS, INC.

KAYE SCHOLER LLP

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILLUMINA, INC., and SOLEXA, INC., | Case No.  3:10-cv-05542 EDL |
| Plaintiffs, | **COMPLETE GENOMIC, INC.'S OPPOSITION TO ILLUMINA, INC.'S AND SOLEXA, INC.'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER OF OCTOBER 16, 2012** |
| v. | |
| COMPLETE GENOMICS, INC., | |
| Defendant. | Date:   December 18, 2013 |
| | Time:   9:00 A.M. |
| | Place:  Courtroom E, 15th Floor |

**TABLE OF CONTENTS**

I.    INTRODUCTION ............................................................................................ 1

II.   PROCEDURAL BACKGROUND ................................................................... 3

III.  LEGAL STANDARD ..................................................................................... 4

IV.  ILLUMINA HAS NOT MET ITS BURDEN TO WARRANT
RECONSIDERATION ................................................................................... 6

    A.    The Court Correctly Determined That Whiteley Anticipates Claim 1 ................ 8

        1.    Illumina's Non-Challenge To The Court's Ruling As To Conditional
Repeating Renders Its Motion Pointless ...................................... 9

        2.    The Court Considered And Rejected The Arguments Illumina Put
Forward About Same-Sequence Initializing Oligonucleotide
Repeating ................................................................................. 10

        3.    The Court Fully Considered Illumina's Arguments About Identifying
a Sequence of Nucleotides ......................................................... 12

    B.    The Court Properly Held that the Combination of Southern and Brenner
Render Claims 14 and 15 of the '597 Patent Obvious ............................. 15

        1.    The Court Considered All of Illumina's Arguments Regarding
Whether the Southern Reference Teaches Away From Fluorescence ...... 16

        2.    The Court Considered All of Illumina's Arguments Regarding
Inoperability and Bodily Incorporation ..................................... 17

        3.    The Court Considered All of Illumina's Arguments  Regarding
Motivation to Combine Southern and Brenner ......................... 21

V.    CONCLUSION .............................................................................................. 22

    

KAYE SCHOLER LLP

**KAYE SCHOLER LLP**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF AUTHORITIES

**Cases**

*389 Orange St. Partners v. Arnold*,
    179 F.3d 656 (9th Cir. 1999) ........................................................... 12
*Backlund v. Barnhart*,
    778 F.2d 1386 (9th Cir. 1985) .......................................................... 6
*Brown v. Cirque du Soleil Nevada, Inc.*,
    255 Fed. Appx. 117 (9th Cir. 2007) .................................................. 6
*Burkhart v. Wash. Metro. Area Transit Auth.*,
    112 F.3d 1207 (D.C. Cir. 1997) ...................................................... 17
*Carroll v. Nakatani*,
    342 F.3d 934 (9th Cir. 2003) ........................................................ 5, 7
*Elsayed Mukhtar v. Cal. State Univ., Hayward*,
    299 F.3d 1053 (9th Cir. 2002) ........................................................ 17
*Hopwood v. Texas*,
    236 F.3d 256 (5th Cir. 2000) ........................................................... 5
*In re Papio Keno Club, Inc.*,
    262 F.3d 725 (8th Cir. 2001) ........................................................ 2, 5
*Kahn v. Fasano*,
    194 F. Supp. 2d 1134 (S.D. Cal. 2001) ............................................ 21
*Navajo Nation v. Norris*,
    331 F.3d 1041 (9th Cir. 2003) .......................................................... 5
*Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*,
    841 F.2d 918 (9th Cir. 1988) ........................................................... 5
*Novato Fire Prot. Dist. v. United States*,
    181 F.3d 1135 (9th Cir. 1999) ........................................................ 12
*Nunes v. Ashcroft*,
    375 F.3d 805 (9th Cir. 2004) ........................................................... 6
*Pyramid Lake Paiute Tribe of Indians v. Hodel*,
    882 F.2d 364 (9th Cir. 1980) ........................................................... 5
*Sch. Dist. No. 1 J, Multnomah Cnty., Or. v. AC & S, Inc.*,
    5 F.3d 1255 (9th Cir. 1993) ............................................................. 5
*Sequa Corp. v. GBJ Corp.*,
    156 F.3d 136 (2d Cir. 1998) ............................................................ 5
*United States v. Wetlands Water Dist.*,
    134 F. Supp. 2d 1111 (E.D. Cal. 2001) .......................................... 5, 6

**Rules**

Civil Local Rule 7-9 ...................................................................... 12
N.D. Cal. Civil Local Rule 7-9(b) ...................................................... 6

CGI'S OPPOSITION TO MOTION TO RECONSIDER                    Case No. 3:10-cv-05542 EDL

## I.    INTRODUCTION

This Court should deny Illumina, Inc.'s and Solexa, Inc.'s (collectively, "Illumina") motion for reconsideration of the Court's decision granting summary judgment to Complete Genomics, Inc. ("CGI") on all of the asserted method claims of the patent-in-suit.  Illumina's motion is not only baseless, but also pointless.  Illumina's motion is baseless because Illumina cannot show that Court's decision was erroneous or unjust, much less satisfy its burden of showing that the decision was clearly erroneous or manifestly unjust.

Illumina's motion is pointless because it cannot change the outcome of the Court's decision.  This is because Illumina's motion does <u>not</u> challenge the propriety of the Court's decision that the Whiteley reference discloses "conditional repeating," one of the forms of "repeating" embodied in the Court's claim construction.  Therefore, regardless of Illumina's motion, the Court's grant of summary judgment stands on the unchallenged ground that Whiteley anticipates claim 1 and all of the asserted (dependent) method claims of the '597 patent.

At summary judgment, Illumina contested only whether Whiteley discloses the "repeating" step of claim 1, and, regarding claim 10, whether Whiteley discloses a target polynucleotide that comprises an unknown sequence.  *See* Order Granting Defendant's Motion for Partial Summary Judgment of Invalidity of Claims 1, 9, 10, and 14-19 of the '597 Patent, Dkt. No. 197 ("Order") at 40:18-22.  Illumina otherwise conceded that Whiteley anticipates claims 1 and 10, and all of the other asserted method claims.  Similarly, Illumina did not contest that the Southern reference anticipates claims 1, 9, 10, and 17-19.  Illumina contested only whether Southern anticipates, or the combination of Southern and Brenner make obvious, dependent claims 14 and 15.

The Court's summary judgment decision invalidated all of the asserted method claims on multiple grounds.  The Court determined that Whiteley discloses at least two of the alternative forms of "repeating" – "conditional repeating" and "same-sequence initializing oligonucleotide repeating" – that are embodied in the Court's claim construction, and therefore invalidates claim 1.  Order at 39-43.  The Court also determined that Whiteley discloses an unknown target

CGI'S OPPOSITION TO MOTION TO RECONSIDER                    Case No. 3:10-cv-05542 EDL

KAYE SCHOLER LLP

sequence, and therefore invalidates claim 10. *Id*. at 43-44. As these were the only issues that Illumina contested, the Court granted summary judgment of invalidity on the ground that Whiteley completely anticipates all of the asserted method claims.

The Court also granted summary judgment of invalidity on the separate and additional ground that Southern alone completely anticipates claims 1, 9, 10, and 17-19 (which Illumina did not contest), and that Southern and Brenner combined make obvious claims 14 and 15. *Id*. at 36. The Court determined that the motivation to combine these two references is "readily apparent" and that "Brenner's single-base fluorescent tag, together with Southern's general discussion of fluorescence, make the '597 patent's use of fluorescent tags obvious." *Id*. at 35-36. Therefore, the Court granted summary judgment of invalidity on the separate and additional ground that "Southern and Brenner together invalidate claims 1, 9, 10, 14, 15, and 17-19." *Id.* at 36:12-13.

Illumina's motion for reconsideration challenges only a few aspects of the Court's ruling, and is more significant for what it does not challenge. Illumina challenges the Court's ruling that Southern and Brenner make obvious claims 14 and 15, and the Court's ruling that Whiteley discloses same-sequence initializing oligonucleotide repeating, one of the alternative forms of repeating in the claim construction. Illumina's motion does not challenge the Court's ruling that Whiteley discloses the "conditional repeating" form of repeating, and therefore anticipates claim 1, nor does Illumina challenge the Court's decision that Whiteley anticipates claim 10. Thus, the Court's grant of summary judgment of invalidity of all of the asserted method claims stands unchallenged, regardless of what Illumina does challenge in its motion.

Because Illumina's motion cannot change the result of the Court's decision, it is pointless and should be denied on this basis alone. Moreover, the potshots that Illumina takes at the Court's decision do not present any legitimate basis for reconsideration. To satisfy its burden, Illumina must show that the Court committed clear error, that is, an error so clear that it strikes the Court as being "wrong with the force of five-week old, unrefrigerated dead fish." *In re Papio Keno Club, Inc.*, 262 F.3d 725, 729 (8th Cir. 2001). Illumina does not show that the Court made any error, let alone an error that smells of five-week old dead fish.

CGI'S OPPOSITION TO MOTION TO RECONSIDER                    Case No. 3:10-cv-05542 EDL

## II.    PROCEDURAL BACKGROUND

Illumina initially asserted three patents against CGI.  *See* Order at 2:5-8.  The parties stipulated to the dismissal without prejudice of all claims and counterclaims as to two of those three patents, leaving only assertion of the '597 patent.  *See id*. at 2:15-16.  As the Court noted in its Order, the '597 patent was involved in prior litigation between Illumina and Applied Biosystems, in which Judge Alsup issued a supplemental claim construction on terms from Claim 1 of the '597 patent, after which Illumina stipulated that the Southern prior art reference rendered Claim 1 invalid.  *See id*. at 2:20-3:7.  The Federal Circuit affirmed the judgment entered by Judge Alsup in the prior litigation, stating:  "Because the district court properly construed the terms of claim 1 of the '597 patent, we affirm the court's judgment of non-infringement with respect to Applera's accused products, and the court's order, entered pursuant to stipulation, concerning invalidity."  *See id*. at 3:13-17.

This Court issued its Claim Construction Order in the present case on February 8, 2012. Dkt. No. 122 ("Claim Constr. Order").  The '597 patent contains two independent claims, Claim 1 (method claims) and Claim 2 (kit claims).  As the Court noted, Illumina does not assert Claim 1 in the present case, having previously stipulated to its invalidity, but asserts dependent claims 9, 10, 14, 15, 16, 17, 18, and 19, which are dependent from Claim 1, therefore making construction of claim 1 necessary.  *See* Claim Constr. Order at 7:19-21.  Illumina also asserts Claim 2 and dependent claims 4 and 5.  The parties disputed the construction of nine terms of the '597 patent. The claim construction issues were extensively briefed by the parties, and the Court held a claim construction hearing on December 9, 2011 and a further claim construction hearing on January 11, 2012.  The Court carefully considered the parties' respective arguments and proposed claim constructions, as reflected in the Court's 53-page Claim Construction Order.

The Court construed the meaning of the term "repeating" in Claim 1 to mean:

> either (1) ligating an additional probe to the extended duplex by
> subsequent cycles of ligation until the sequence of nucleotides is
> determined or (2) ligating a new probe to a new initializing
> oligonucleotide, either by extending different sequence initializing
> oligonucleotides, each out of register by one or more nucleotides, or
> by extending new initializing oligonucleotides with the same

CGI'S OPPOSITION TO MOTION TO RECONSIDER                              Case No. 3:10-cv-05542 EDL

sequence as the initializing oligonucleotide used in the first cycle along the identical polynucleotide sequence as was acted upon in the first cycle of the recited method, until the sequence of nucleotides is determined. There is no need for repetition if the sequence of the polynucleotide has been fully determined in the first cycle.

Claim Constr. Order at 26-27; *see also* Order at 7:7-18 *citing* Dkt. No. 122 at 26-27.

On May 31, 2012, CGI moved for summary judgment of invalidity of claim 1, 9, 10, and 14-19 of the '597 patent – that is, for summary judgment of all of the asserted method claims of the '597 patent.  Following extensive briefing and oral argument, the Court granted CGI's motion on October 16, 2012.  In its 45-page Order, the Court carefully considered each party's arguments and reached well reasoned and legally sound conclusions on the issues presented, and properly determined that CGI is entitled to judgment as a matter of law.

Following entry of the Order, the parties filed a Joint Status Report on November 5, 2012. Dkt. No. 200.  Illumina stated its intention to seek reconsideration "regarding the Court's summary judgment ruling invalidating claims 14 and 15 of the '597 patent." *Id*. at 1:11-12. Illumina noted that "[i]n addition to the claims that the Court ruled invalid, Illumina also asserts infringement of claims 2, 4, and 5 of the '597 patent (the 'kit claims')," and stated further that "Illumina is considering whether it will continue to assert infringement of those claims if the Court denies its motion for reconsideration." *Id*. at 1:14-17.  CGI stated its intention to file a motion for summary judgment of non-infringement of the asserted kit claims if Illumina continues to assert those claims.  *Id*. at 2:5-6.

Illumina's motion for reconsideration challenges only a few aspects of the Court's ruling on CGI's motion for summary judgment, while expressing that it "disagrees with other aspects of the Court's ruling and reserves its right to raise additional issues on appeal."  Motion at 1, n. 1.  In its motion, Illumina asks the Court to reconsider its ruling that Whiteley anticipates claim 1 of the '597 patent, and the Court's ruling that the combination of Southern and Brenner render obvious and invalidates claims 14 and 15.

III.    **LEGAL STANDARD**

The standard of review applicable to motions for reconsideration is strict and reconsideration generally is denied. *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841

CGI'S OPPOSITION TO MOTION TO RECONSIDER                    Case No. 3:10-cv-05542 EDL

F.2d 918, 925-26 (9th Cir. 1988) (motions for reconsideration are generally disfavored); *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (reconsideration should only be granted in "highly unusual circumstances").  The standard is strict because reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll*, 342 F.3d at 945.  A reconsideration motion "is not a vehicle for relitigating issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

Reconsideration is only appropriate where the district court:  (1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law.  *Sch. Dist. No. 1 J, Multnomah Cnty., Or. v. AC & S, Inc*., 5 F.3d 1255, 1263 *(*9th Cir. 1993*)*; *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1980).  Neither (1) nor (3) apply here.  Illumina's motion is premised solely on the second prong.

Clear error is a very exacting standard.  The party moving for reconsideration must not only demonstrate a palpable defect by which the court has been misled, but also show that correcting the defect will result in a different disposition of the case.  "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *United States v. Wetlands Water Dist*., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal citations omitted); *see also Hopwood v. Texas*, 236 F.3d 256, 273 (5th Cir. 2000) (a court's decision must be "more than just maybe or probably wrong; it must be dead wrong"); *In re Papio Keno Club, Inc.*, 262 F.3d 725, 729 (8th Cir. 2001) (the error must be so clear that it strikes the court as being "wrong with the force of five-week-old, unrefrigerated dead fish").

Ultimately, the decision on a motion for reconsideration lies in the Court's sound discretion. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enter. Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)).  A court need not even consider a motion

for reconsideration relying on arguments previously made and ruled on.  *See, e.g.*, *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004).  It is likewise within the court's discretion to deny reconsideration when correcting the alleged error would not change the result.  *Brown v. Cirque du Soleil Nevada, Inc.*, 255 Fed. Appx. 117, 120 (9th Cir. 2007) (district court properly denied motion for reconsideration "because [movant's] new evidence would not change the outcome of the case") (citation omitted); *see also* N.D. Cal. Civil Local Rule 7-9(b) ("The moving party must specifically show . . . (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.").

## IV.     ILLUMINA HAS NOT MET ITS BURDEN TO WARRANT RECONSIDERATION

As shown above, motions for reconsideration are held to a strict standard and are warranted only if the moving party demonstrates (1) new facts, (2) new law, or (3) that the court made a clear error.  Illumina fails to identify a proper basis for reconsideration.  Illumina's motion does not present newly discovered evidence.  Nor does Illumina allege an intervening change in the controlling law.  Finally, Illumina does not present any basis for its assertion that this Court committed clear error.

Illumina's motion to reconsider rests entirely on its assertion that this Court committed clear error or manifest injustice in certain aspects of its previous summary judgment ruling.  Illumina has not met its burden.  While Illumina asserts that the "Court's rulings represent a manifest failure to consider material facts and dispositive legal arguments" (Motion at 1:17-19), Illumina fails to point to any controlling law or dispositive fact that this Court overlooked.

Boiled down, Illumina's meandering motion for reconsideration shows nothing more than Illumina's disagreement with the Court's conclusions on some issues, which does not satisfy its burden, as "[a] party seeking reconsideration must show more than disagreement with the Court's decision."  *Wetlands Water Dist.*, 134 F. Supp. 2d. at 1131.  Illumina improperly seeks to reargue issues the Court has already decided, and either rehashes the same argument it previously made or, in a few instances, raises new argument, both of which are reasons for summary denial of Illumina's motion.  *See*, *e.g.*, *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (motion

properly denied because it presented no arguments that had not already been raised in opposition to summary judgment); *Carroll*, 342 F.3d at 945 (reconsideration "motion may not be used to raise arguments or present evidence for first time when they could reasonably been raised earlier in the litigation").

In its Order granting CGI's motion for summary judgment, the Court ruled that claims 1, 9, 10, 14, 15, and 17-19 of the '597 patent – that is, all of the asserted method claims – were invalid on two separate and independent bases. The Court ruled that these claims were invalid as anticipated by Whiteley. The Court also ruled that these claims were invalid because the combination of Southern and Brenner rendered them obvious. In its motion for reconsideration, Illumina's takes issue only with the Court's ruling that Whiteley anticipates claim 1, and with the Court's ruling that Southern and Brenner together invalid claims 14 and 15. To prevail on its motion for reconsideration, Illumina must show that the Court committed clear error in respect to <u>both</u> its ruling that Whiteley anticipates claim 1 <u>and</u> its ruling that Southern/Brenner render obvious claims 14 and 15. Otherwise, there is no point to Illumina's motion. It will not change the result of the Court's decision that all of the asserted method claims are invalid in view of <u>either</u> Whiteley <u>or</u> Southern/Brenner.

Illumina cannot show that the Court made an error (let alone clear error) in either its ruling as to Whiteley or its ruling as to Southern/Brenner, much less both rulings. As shown below, the Court correctly determined that Whiteley anticipates claim 1 based on straightforward application of the term "repeating" as construed by this Court in its earlier Claim Construction Order (which is the same construction that had been previously given by Judge Alsup and affirmed by the Federal Circuit). So straightforward is the Court's application of the term "repeating" that, in its motion for reconsideration, Illumina does not even attempt to argue that the Court erred in finding that Whiteley anticipates the form of repeating referred to as conditional repeating, and thus anticipates claim 1. For this clear-cut reason alone, the Court should summarily deny Illumina's motion for reconsideration.

CGI'S OPPOSITION TO MOTION TO RECONSIDER                    Case No. 3:10-cv-05542 EDL

While there is no need for the Court to reach Illumina's argument that the Court committed clear error in finding that Southern/Brenner make claims 14 and 15 obvious, if the Court is so inclined, it will find that it already considered and rejected all of the arguments that Illumina now rehashes in its motion for reconsideration.  The Court made the correct analysis and reached the correct result the first time around, and Illumina points to nothing that the Court failed to consider.

### A.     The Court Correctly Determined That Whiteley Anticipates Claim 1

As the Court properly noted in its summary judgment decision, "[i]t is undisputed that Whiteley discloses a sequencing method that includes steps (a) and (b) of claim 1 of the '597 patent, extending an initializing oligonucleotide by ligation and identifying bases."  Order at 39:28-40:2.  The Court further stated:  "Illumina contests whether Whiteley discloses 'repeating' in the manner that the Court construed the term, but not that Whiteley discloses steps (a) and (b)."  Order at 40:2-3.

The Court's claim construction embodies multiple forms of repeating.  Applying its claim construction, the Court determined that Whiteley discloses conditional repeating, which is one of the forms of repeating embodied in the Court's construction.  Order at 41-42.  Illumina's motion for reconsideration does not challenge the propriety of the Court's decision as to conditional repeating, and therefore Illumina's motion is pointless from the get-go.

The Court further determined that, in addition to conditional repeating, the Whiteley reference anticipates another of the forms of repeating from the Court's construction, namely, "'by extending new initializing oligonucleotides with the same sequence as the initializing oligonucleotide used in the first cycle along the identical polynucleotide sequence as was acted upon in the first cycle of the recited method.'"  Order at 42:15-43-2 (quoting Claim Constr. Order at 26-27).  In its motion for reconsideration, Illumina challenges certain aspects of the Court's ruling as to same-sequence initializing oligonucleotide repeating.

KAYE SCHOLER LLP

Illumina's non-challenge to the Court's ruling as to conditional repeating, and Illumina challenge to the Court's ruling as to same-sequence initializing oligonucleotide repeating, are discussed below in turn.

### 1.     Illumina's Non-Challenge To The Court's Ruling As To Conditional Repeating Renders Its Motion Pointless

The Court determined that Whiteley anticipates claim 1 of the '597 patent in view of the Court's construction that "repeating" includes conditional repeating.  Order at 41-42.  Illumina does <u>not</u> ask the Court to reconsider this ruling, effectively conceding that it has no basis to do so. The Court may end its consideration of Illumina's motion on this basis alone as this ruling by itself independently invalidates the asserted method claims of the '597 patent.

The Court found that its claim construction was dispositive.  Referring to its Claim Construction Order, the Court noted that, in the prior litigation, Judge Alsup determined that the repeating step "is conditional" and that the "Federal Circuit affirmed Judge Alsup's construction." Order at 41:15-22.  At the claim construction stage, this Court acknowledged Illumina's point that the PTO did not consider Whiteley to teach repeating, and considered and rejected Illumina's argument that it would be improper to construe the repeating step as conditional.  *See* Order at 41. Illumina repeated this same argument at the summary judgment stage, taking a second bite at the apple in this case (in addition to the bites Illumina had in the prior litigation and at the Federal Circuit).  *Id*. at 41:26-28.  The Court held in its claim construction order, and reiterated in its summary judgment order, that "there was no reason to revisit the previous constructions of the term as conditional."  *Id*. at 42:5-6.  As the Court noted, "it is the construction initially decided upon by Judge Alsup, specifically affirmed by the Federal Circuit, and recognized by this Court in its claim construction."  *Id*. at 42:7-8.

In declining Illumina's second bite at the same apple in this case, the Court properly recognized in its summary judgment decision that "Illumina's objections here are based not on factual disputes as to what Whiteley discloses, but rather on questions of law related to claim construction, questions that have already been resolved to the contrary."  *Id*. at 42:8-10.  The

CGI'S OPPOSITION TO MOTION TO RECONSIDER                           Case No. 3:10-cv-05542 EDL

1    Court held: "In light of the construction of 'repeating,' Whiteley anticipates claim 1 of the '597

2    patent." *Id.* at 42:10-11.

3        Illumina does not make even a token effort to challenge the Court's holding, apparently

4    recognizing that it would be beyond the pale to seek a third bite in this case (or fifth bite if one

5    includes the prior district court and Federal Circuit rulings in the Applera case) at the same apple.

6    Illumina's motion for reconsideration makes no mention of the Court's determination as to

7    conditional repeating.  This is a conspicuous omission.  The Court's ruling that Whiteley

8    discloses conditional repeating, and therefore anticipates claim 1, <u>by itself</u> justifies the grant of

9    summary judgment of invalidity of all of the asserted method patents.  Illumina's request that the

10   Court reconsider its ruling that these same claims are invalidated based on Whiteley disclosing

11   other forms of repeating, or its ruling that Southern/Brenner render obvious claims 14 and 15, is

12   pointless because Illumina's challenges cannot change the outcome of the Court's summary

13   judgment decision.  The Court can and should deny Illumina's motion for reconsideration on this

14   basis alone.  There is no need for the Court to reach the non-dispositive challenges Illumina

15   makes, and the Court can end its inquiry here.

16            **2.     The Court Considered And Rejected The Arguments Illumina Put**
                        **Forward About Same-Sequence Initializing Oligonucleotide Repeating**
17

18       Illumina challenges the Court's ruling that Whiteley discloses "same-sequence initializing

19   oligonucleotide repeating," which is another form of "repeating" embodied in the Court's claim

20   construction.  *See* Illumina Motion at 14.  Illumina's challenge is not only pointless, for the

21   reasons discussed above, but also baseless because the Court already has considered and rejected

22   Illumina's arguments to the full extent those arguments were presented in its summary judgment

23   opposition.

24       Illumina asserts that the Court "misinterpreted the (undisputed) method disclosed in

25   Whiteley, or misapplied the limitations of claim 1."  Motion at 14:14-15.  This assertion is not

26   only specious but also artfully crafted in an attempt to conceal Illumina's sleight-of-hand

27   substitution of the argument it made in opposition to summary judgment with an argument that it

28   now raises for the first time.

KAYE SCHOLER LLP

CGI'S OPPOSITION TO MOTION TO RECONSIDER                    Case No. 3:10-cv-05542 EDL

The Court interpreted the underlined method disclosed in Whiteley exactly in the manner presented by each party's expert.  The Court accurately recited that CGI's expert, Dr. Metzger, "states that Whiteley's two different probes would be used with the same initializing nucleotide and could be performed in sequential reactions, satisfying one of the forms of repeating from the Court's claim construction, 'by extending new initializing oligonucleotides with the same sequence as the initializing oligonucleotide used in the first cycle along the identical polynucleotide sequence as was acted upon in the first cycle of the recited method.'"  Order at 42:17-21 (citing Metzger Decl. ¶ 59; quoting Claim Constr. Order at 26-27).

The Court likewise accurately recited that "Illumina contends that because this discloses repeating on the same base that was identified in the first cycle, the method does not 'identify a sequence of nucleotides in a polynucleotide;' rather, it re-identifies the same base." *Id.* at 42:24-26 (citing Opp. at 22).  This is precisely the argument that Illumina made, with cites to the declaration of its own expert, Dr. Backman.  Opp. at 22 (citing Backman Decl. ¶ 45).  Put simply, Illumina conceded that Whiteley discloses repeating, but argued that re-identifying the same base should not count as repeating.

The Court squarely considered and rejected Illumina's argument:

> Whether or not the same base is "re-identified," as argued by Illumina, the new initializing oligonucleotide, with the same sequence as the one used in the first cycle, is sent along the target sequence.  Even if the same base is identified, the actions were carried out sequentially, and that anticipates the form of repeating in the claim construction.

Order at 42:27-43:2.

Far from misinterpreting Whiteley, as Illumina now argues, the Court directly and precisely addressed Illumina's stated view of Whiteley.  Illumina's "misinterpretation" argument is a ruse, designed to mask that Illumina has dropped its single-base argument in favor of a new argument it now raises for the first time.  In a complete reversal of its previously stated position, Illumina now argues for the first time that Whiteley does not disclose repeating at all because, "in Whiteley's separate, sequential reactions," only one diagnostic probe will be ligated to the initializing oligonucleotide.  Motion at 14:23-15:18.

11

Illumina is required to establish that the district court committed clear error in not interpreting Whiteley according to the interpretation Illumina now argues.  Because Illumina did not present this argument to the Court before summary judgment, Illumina cannot point to clear error on the part of the Court in supposedly "misinterpreting" Whiteley.  *See 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (holding that movant "cannot point to clear error on the part of the district court" where he does not establish that "he presented the [subject] argument to the district court before summary judgment").  "A district court has discretion to decline to consider an issue raised for the first time in a motion for reconsideration." *Novato Fire Prot. Dist. v. United States*, 181 F.3d 1135, 1141 n. 6 (9th Cir. 1999); *see also 389 Orange St. Partners*, 179 F.3d at 665 (same).  The district court should decline to address Illumina's newly raised argument, especially in view of Illumina's attempt to trick the Court into believing it had committed clear error.  This type of gamesmanship is not the purpose for which Civil Local Rule 7-9 allows for reconsideration.

In any event, Illumina's newly raised argument has no merit.  Tellingly, Illumina does not base its new argument on the Court's construction of repeating, but instead relies on its own interpretation of the claim language.  *See* Motion at 14:16-22.  Illumina does not dispute the statements of Dr. Metzger, CGI's expert, applying the undisputed teachings of Whiteley to the Court's claim construction, which the Court recited in its summary judgment decision.  Order at 42:17-22.  As Dr. Metzker demonstrated, "Whiteley extends 'along the identical polynucleotide sequence as was acted upon in the first cycle' since a polynucleotide with the identical sequence is used in a subsequent reaction using the same 'contiguous probe' (initializing oligonucleotide) and a different 'diagnostic probe' (oligonucleotide probe)."  Dkt. No. 147 (Metzker Decl.) ¶ 59.  That satisfies the literal reading of the Court's claim construction for the "same-sequence initializing oligonucleotide repeating" option.

### 3.    The Court Fully Considered Illumina's Arguments About Identifying A Sequence of Nucleotides

In opposing summary judgment, Illumina argued that Whiteley does not disclose "identifying a sequence of nucleotides" because only one of the bases is unknown.  Order at 43:7-

8 (citing Opp. at 21). The Court considered this argument, and concluded that "[r]eading it literally, Whiteley discloses 'identifying a sequence of nucleotides,' even when there is only one unknown base." *Id*. at 43:13-15.

Illumina rehashes this same argument in its motion for reconsideration. Motion at 15-16. As support for its rehashed argument, Illumina points out that its expert described that Whiteley is directed to "detection of single-base differences, or mutations" (*id*. at 16:7) and that, in Whiteley, "[b]oth of the probes correspond to a *known* DNA sequence, except at the base where the probes are designed to meet." *Id*. at 16:2-3 (citing Backman Decl., adding emphasis). But this Court described Whiteley in precisely the same manner, stating that Whiteley "allows for the detection of a single-base difference – a mutation" and that both "probes hybridize to a DNA sequence that is known, except at the nucleotide to be tested, where the probes meet." Order at 36:20-24. The Court further stated:

> The purpose of Whiteley differs from that of the '597 patent. Whiteley specifically looks for the presence or absence of one particular base, a mutation. The '597 patent seeks to determine the sequence of a longer series of bases (a larger segment of the DNA sequence).

*Id*. at 40:16-18.

Thus, despite Illumina's suggestion in its motion for reconsideration, this Court had a firm grasp of the scope and content of Whiteley. Put simply, the Court has already considered and rejected the "single-base" and "known sequence" arguments that Illumina repeats in its motion for summary judgment.

Illumina asserts that the Court's ruling as to Whiteley "implicitly suggests" that the Court "was construing the phrases 'identifying a sequence of nucleotides' and 'until the sequence of nucleotides is determined' to require that only a single unknown nucleotide must be identified." Motion at 16:15-18 (citing Order at 43:7-15). This assertion is flat wrong. The Court did not construe this term. In fact, the parties agreed that the term "identifying one or more nucleotides of the polynucleotide" meant "within each cycle determining the identity of one or more bases in the polynucleotide." Dkt. No. 87 at 5 (emphasis added). Moreover, the Court's decision does not

KAYE SCHOLER LLP

"require" that only a single unknown base must be identified; rather, the Court found that if the probes bind at adjacent positions on the target, "that identifies the target <u>sequence</u>," and, if the probes do not bind as expected, "that too may identify the <u>sequence</u>." Order at 43:11-13 (emphasis added). Nor did the Court "construe" the phrase "identifying a sequence of nucleotides"; rather, the Court read the phrase "literally" (*Id*. at 43:14-15), in a manner fully consistent with the parties' agreed-upon meaning.

In fact, Illumina does not contend that the Court should not have read the phrase literally and in accordance the parties' agreed-upon meaning, let alone that the Court committed clear error. Indeed, Illumina concedes that it "never sought construction of these terms" and that they should be accorded their "plain and ordinary meaning," which is precisely what the Court did. Illumina now argues that the plain and ordinary meaning of determining a sequence requires "interrogation to determine the identity and order of *multiple* unknown nucleotides in the polynucleotide." Motion at 16:21-24 (emphasis in original). This argument falls under its own weight. This posited requirement cannot be found in a literal reading of the terms, and it is contrary to the parties' agreed-upon meaning. Moreover, Illumina's argument that the repeating step of claim 1 would be "meaningless" unless these terms are read to contain the posited requirement ignores that the repeating step includes conditional repeating. Illumina's posited requirement cannot be squared with the Court's finding, which Illumina does not challenge, that Whiteley discloses conditional repeating as embodied in the Court's claim construction.

As if to further illustrate that its posited plain meaning is really a belatedly proposed claim construction, Illumina is trying to circumvent the Court's construction of "repeating" by claiming it now needs construction of the terms "identifying a sequence of nucleotides" and "until the sequence of nucleotides is determined." Motion at 16-19. Illumina proffers a never-before submitted portion of the prosecution history of the '597 patent and raises new argument. *Id*. at 17-19; Labbé Ex. G. This time around, Illumina argues that during prosecution it distinguished the Nikiforov reference, which Illumina argues taught "single nucleotide" sequencing, "exactly the method that Whiteley teaches." *Id*. at 17: *id*. The Court should decline to address Illumina's

KAYE SCHOLER LLP

new submission and argument.  The proffered prosecution history obviously does not qualify as newly discovered evidence, and the newly raised argument is way too late.  The time for seeking claim constructions has long past.  As stated above, a reconsideration motion "is not a vehicle for relitigating old issues, presenting the case under new theories . . . or otherwise taking a 'second bite at the apple.'"  *Sequa Corp.*, 156 F.3d at 144.

Moreover, the Court already has considered and rejected this same argument made in different clothing.  Illumina previously argued that the PTO did not consider Whiteley to suggest repetition.  Order at 41:11-14.  Illumina now makes this same argument based on Nikiforov. Motion at 17.  Illumina once again argues to this Court that because the PTO found a reference did not teach "repeating," then the Court's construction of that term must be incorrect in the present case.  *Id*. at 17-19.  But the Court rejected Illumina's like argument that the Whiteley reference failed to disclose "repeating," holding that it falls squarely within the Court's claim construction.  Order at 41-43.  Simply put, Illumina fails to show that the Court erred in any way, much less committed clear error.

**B.    The Court Properly Held that the Combination of Southern and Brenner Render Claims 14 and 15 of the '597 Patent Obvious**

In its thorough and well-reasoned decision, the Court carefully reviewed the Southern and Brenner references, the undisputed facts, the parties' respective contentions, and the applicable law in reaching its conclusion that Southern, either alone or in combination with Brenner, anticipated or made obvious each of the asserted method claims of the '597 patent.  *See* Order at 1-36.  As the Court noted, other than claims 14 and 15, "Illumina does not contest that Southern anticipates the other claims CGI raised in its Motion for Summary Judgment (claims 1, 9, 10, and 17-19)."  *Id*. at 36:11-12.  As the Court noted, Illumina disputed only that "Southern anticipates or makes obvious claims 14 and 15, which relate to fluorescent labels."  *Id*. at 23:26-27.

The issue as to the teachings of Southern related solely to whether it disclosed the use of fluorescent labels.  It is <u>undisputed</u> that Southern otherwise meets all other limitations of claims 14 and 15 of the '597 patent.  It is also undisputed that Southern itself discusses fluorescence, as the Court summarizes in its decision.  *Id*. at 24.  The Court found that it was a close call whether

CGI'S OPPOSITION TO MOTION TO RECONSIDER                    Case No. 3:10-cv-05542 EDL

Southern by itself reads on the fluorescent label element of claims 14 and 15 and, thus, completely anticipates them. The Court stated: "Although Southern addresses fluorescent tags as part of the current state of the art, that general discussion is arguably not enough, at the summary judgment stage, to completely anticipate claims 14 and 15 of the '597 patent." *Id*. at 31:5-7. The Court went on to say that it "need not decide this issue, however, because it can resolve invalidity based on obviousness." *Id*. at 31:7-8.

The Court noted that "[i]t is undisputed that Brenner, which was filed in July of 1994 before the '597 patent, disclosed fluorescent tags (using the same language that Dr. Macevicz used in claims 14 and 15)." *Id*. at 28:28-29:2. The Court devoted over 13 pages of its decision to its consideration of the issue of obviousness and ruled that "Brenner's single-base fluorescent tag, together with Southern's general discussion of fluorescence, make the '597 patent's use of fluorescent tags obvious." *Id*. at 36:4-6.

In reaching its ruling, the Court carefully considered the issues and arguments raised by Illumina. The Court determined that the Southern reference did not "teach away" from the fluorescence used in the '597 patent (*id*. at 30:24-26), that it is not necessary to physically combine or bodily incorporate references in order to make a finding of obviousness (*id*. at 34:8-14), and that a motivation to combine the references was readily apparent given the scope and content of the Southern and Brenner references. *Id*. at 35:24-26.

Illumina rehashes the same arguments in its motion for reconsideration. As discussed below, Illumina fails to show that the Court erred in any of its rulings, much less does Illumina satisfy its burden of demonstrating that the Court committed clear error.

### 1. The Court Considered All of Illumina's Arguments Regarding Whether the Southern Reference Teaches Away From Fluorescence

In correctly deciding that the Southern reference does not "teach away" from the use of fluorescent tags in sequence reading, the Court carefully considered all relevant facts, including that Southern discusses improvements that mass spectrometry tags made over fluorescence, which was the "present detection method" at the time. Order at 30:12-14; 21-22. As the Court stated, "[i]t is clear that fluorescent tags were 'known to the art' at the time of the '597 patent." *Id*. at

16

29:2-3.  The Court also considered applicable legal authorities, concluding that Southern's stated preference for mass tags "does not even rise close to the level of criticism held to constitute 'teaching away.'"  *Id*. at 30:25-26.

Illumina's suggestion that the Court failed to consider the opinions of its expert is belied by the Court's extensive discussion of Dr. Backman's opinions.  With respect to "teaching away," the Court accepted Dr. Backman's opinion that "Southern says that mass tags are better."  *Id*. at 30:10-15.  Ultimately, having considered Dr. Backman's opinions and the applicable case law, the Court found that "Dr. Backman's assertion that Southern teaches away from fluorescence fails as a <u>matter of law</u>."  *Id*. at 30:22-26 (emphasis added).

In its motion for reconsideration, Illumina improperly seeks to relitigate the "teaching away" issue by repeating the same arguments that this Court has already considered and rejected based on sound legal reasoning.  For this reason alone, the Court can and should decline to address this issue again.  In any event, Illumina cannot show that the Court committed clear error.  At bottom, this Court declined to accept Dr. Backman's <u>legal conclusion</u> that Southern teaches away from fluorescent tags.  Illumina cannot show that this is error, much less clear error, because an expert witness "cannot give an opinion as to her *legal conclusion*, *i.e.*, an opinion on an ultimate issue of law."  *Elsayed Mukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053, n.10 (9th Cir. 2002); *Burkhart v. Wash. Metro. Area Transit Auth.*, 112 F.3d 1207, 1213 (D.C. Cir. 1997) (warning against the "danger in allowing experts to testify as to their understanding of the law," and noting that every "courtroom comes equipped with a 'legal expert,' called a judge").

## 2.    The Court Considered All of Illumina's Arguments Regarding Inoperability and Bodily Incorporation

In its decision, the Court methodically addressed the law applicable to combining references.  The Court stated:  "To combine references for a finding of obviousness, a court considers whether the prior art references are in the same field of endeavor, whether there is a motivation to combine the references, and whether any secondary considerations of nonobviousness."  Order at 31:12-16 (citing *Wyers v. Master Lock Co*., 616 F.3d 1231 (Fed. Cir.

KAYE SCHOLER LLP

2010)).  The Court noted the *Wyers* court's holding that "courts can make a common-sense determination to combine the prior art to find patent claims obvious." *Id*. at 31:16-20.

The Court stated that "it cannot be disputed that Brenner and Southern are in the same field of endeavor, DNA sequencing, and that there are no significant secondary considerations of nonobviousness." *Id*. at 31:24-25.  These facts remain undisputed, even in Illumina's motion for reconsideration.  Narrowing the focus, the Court stated that "[t]he main issue, therefore, is a motivation to combine the references." *Id*. at 31:25-26.  Zeroing in even further, the Court noted that "[t]he parties focus their arguments on whether a combination of Brenner and Southern would yield an inoperable device, and therefore teach away from the invention of the '597 patent." *Id*. at 31:26-28.

Illumina now asserts that the Court "excluded" Dr. Backman's opinions regarding inoperability.  Motion at 6:16-17.  Nothing could be further from the truth.  The Court thoroughly considered Illumina's arguments <u>and</u> the opinions of its expert.  For instance, the Court stated that Dr. Backman "argues that the combination of Southern with a fluorescent label would render Southern inoperable because a fluorescent label is only capable of identifying one base at a time, and Southern's method using mass tags can identify up to six bases at a time by reading a single tag by mass spectrometry." *Id*. at 33:28-34:3 (citing Opp. at 16 and Backman Decl.).  The Court stated that, "taking all inferences in favor of Illumina as the non-moving party, the Court will assume that the mass spectrometer used in Southern cannot be used to read fluorescent tags." *Id*. at 34:4-6.  The Court also considered Dr. Backman's opinions about "Southern's ability to read multiple bases at a time, what he calls 'sequence reads.'" *Id*. at 35:2-7 (citing Backman Decl. ¶¶ 28-31).  The Court then stated:  "At the summary judgment stage, the Court assumes that Dr. Backman is correct that fluorescent tags cannot be used to read sequences of bases." *Id*. at 35:7-8.  Of course, these opinions of Dr. Backman are palpably wrong.  But CGI, like the Court, accepts them as true for purposes of this motion.

The Court reviewed at length the applicable case law which, as the Court observed, shows that "the ability to physically combine references is not the heart of the inquiry." *Id*. at 32:6.  The

18

Court further observed that "courts have consistently held that the test for combining references is not whether the features of one may be 'bodily incorporated' into the other, but rather, whether the combined teaching renders the claim at issue obvious." *Id*. at 32:7-13 (citing *Wood* and *Billingsley*). The Court addressed *In re Sponnoble*, cited by Illumina, stating that this case stands for the proposition that an inoperable device "can support non-obviousness, especially if combined with other evidence such a successful commercialization of the invention (absent here)." *Id*. at 32:14-33:1. The Court further stated:

> However, the obviousness inquiry does not depend on whether the inventions are identical or every piece would work perfectly with every other piece. The inquiry is whether, to a person of ordinary skill in the art, it would be obvious to take a certain step.

*Id*. at 33:1-3.

Applying the applicable law and common sense, the Court held that the combination of Southern and Brenner make claims 14 and 15 of the '597 patent obvious, and that the "motivation to combine the two references is readily apparent, given Southern's discussion of fluorescence as the current state of the art and Brenner's disclosure of fluorescent tags." *Id*. at 35:21-26.

The Court should deny Illumina's attempt to reargue its operability argument, as Illumina simply repackages the same arguments the Court had already heard and rejected. It is plain to see how far Illumina stretches in its attempt to concoct a basis for reconsideration. For instance, Illumina asserts that the Court "excluded" the opinions of its expert when it is plain to see that the Court fully considered Dr. Backman's opinions. The Court just properly rejected them as based on legal errors rather than factual disputes:

> The disputes raised by Illumina's expert about teaching away and inoperability <u>are issues of law, rather than disputes of fact;</u> Southern itself discloses the use of fluorescence, and its preference for another method does not rise to the level of "teaching away" required by the Federal Circuit. In addition, Dr. Backman's conclusory statements about inoperability misapprehend the standard set forth in *Billingsley* and *Wood*.

*Id*. at 36:6-10 (emphasis added).

Illumina's assertion that the Court "misinterpreted and thus misapplied the caselaw regarding 'operability'" is likewise baseless. Illumina says that "[a]lthough obviousness is a

KAYE SCHOLER LLP

question of law, it is based on underlying factual questions" Motion at 3:25-26.  The Court said the same thing:  "Obviousness is a question of law with factual underpinnings."  Order at 34:7; 10:26.  Illumina states that the "[t]he cases the Court cited did not hold that inoperability is irrelevant to the obviousness inquiry."  Motion at 5:13-14.  Nor did the Court say otherwise; the Court acknowledged that inoperability can be relevant (Order at 31:28-32-4; 32:14-33:1), but that inoperability "is not the heart of the inquiry."  *Id.* at 32:6.  Nowhere in its motion does Illumina contend that it is the heart of the inquiry.  Indeed, Illumina agrees with the Court that, "[a]s the Court noted, the critical question raised in each of these cases is 'what the combined teachings of the references would have suggested to those of ordinary skill in the art.'"  Motion at 5:24-6:2 (quoting Order at 33:13-15; 33:26-27).

Illumina merely disagrees with the Court's conclusion that combining Southern and Brenner "would have been obvious at the time that the invention was made to a person having ordinary skill in the art."  Order at 35:21-24.  The Court thus applied the very standard that Illumina describes as the "critical question."  In applying this standard, the Court considered the opinions of Illumina's expert and, as appropriate, assumed his factual statements about the scope and content of the two references to be true for purposes of summary judgment, and rejected his legal conclusions.  Order at 33:28-36:10.  The Court rejected Dr. Backman's <u>conclusion</u> that Southern would be inoperable if used with fluorescent label, because his conclusion "is premised on an error of law – the assumption that it must be possible to physically combine and incorporate all elements from multiple references."  *Id.* at 34:8-10.

Though its section heading states that the "[t]he Court erred in excluding Dr. Backman's opinions regarding inoperability," Motion at 6:16-17, even Illumina recognizes that is demonstrably inaccurate, and it retreats in the text of its arguments to say only that the Court "discounted Dr. Backman's opinion."  *Id.* at 6:18.  Illumina does not say, nor could it say, that the Court was precluded from using its own "logic, judgment, and common sense" to make the "legal determination of obviousness," because this is precisely the guidance that the Federal Circuit has given district courts.  *See* Order at 31:16-23.

CGI'S OPPOSITION TO MOTION TO RECONSIDER                    Case No. 3:10-cv-05542 EDL

In sum, Illumina cannot point to any controlling law that the Court overlooked, nor can it show that the Court's conclusion that Southern and Brenner make claims 14 and 15 obvious was in any way erroneous, let alone satisfy its burden of showing that the Court committed clear error in reaching its conclusion.

### 3.   The Court Considered All of Illumina's Arguments Regarding Motivation to Combine Southern and Brenner

Illumina's disagreement with the Court's motivation-to-combine conclusion boils down to Illumina being unhappy with the Court's determination.  That is not a basis for reconsideration. *Kahn v. Fasano*, 194 F. Supp. 2d 1134, 1136 (S.D. Cal. 2001) ("A party cannot have relief under this rule merely because he or she is unhappy with the judgment.").  Nor is reconsideration for asking the Court to rethink what it already thought.

Illumina states the unremarkable point that motivation to combine is a "question of fact." Motion at 10:16-19.  As discussed above, Illumina cannot say that it was improper for the Court to determine motivation to combine on summary judgment.  Indeed, as this Court noted, "[w]hile motivation to combine is still a question of fact, it 'may nonetheless be addressed on summary judgment or JMOL in appropriate circumstances.'" Order at 31:22-23 (quoting *Wyers*, 616 F.3d at 1239).

The Court appropriately addressed motivation to combine on summary judgment in this case because, as the Court determined, "[t]he motivation to combine the two references is <u>readily apparent</u>, given Southern's discussion of fluorescence as the current state of the art and Brenner's disclosure of fluorescent tags." *Id*. at 35:24-26 (emphasis added).  This was not a close call.  The Court could have found on summary judgment that the Southern reference alone completely anticipates claims 14 and 15, but the Court determined that it "need not decide this issue, however, because it can resolve invalidity based on obviousness." *Id*. at 31:5-8.

"It is undisputed that Brenner . . . disclosed fluorescent tags (using the same language that Dr. Macevicz used in claims 14 and 15)." *Id*. at 28:28-29:2).  The motivation to combine Brenner and Southern was, as the Court determined, "readily apparent."  Illumina asserts that the Court improperly relied on "hindsight." Motion at 11:17-21.  The Court was acutely aware not to use

21

KAYE SCHOLER LLP

1   hindsight, stating:  "Hindsight bias, which can be a problem in a motivation-to-combine analysis, is

2   not an issue here."  Order at 35:26-27.  The Court summed up what made the motive to combine

3   "readily apparent," stating:  "Fluorescent tags were part of the current state of the art in Dr.

4   Macevicz's field of endeavor.  Brenner's single-base fluorescent tag, together with Southern's

5   general discussion of fluorescence, make the '597 patent's use of fluorescent tags obvious."  *Id*. at

6   36:3-6.

7          In sum, the Court reached the correct conclusion using its own logic, judgment, and

8   common sense.  While Illumina disagrees with the Court's conclusion, Illumina cannot point to any

9   error, let alone the required clear error.[1]

10  **V.     CONCLUSION**

11         For all of the foregoing reasons, CGI respectfully requests that the Court deny Illumina's

12  motion for reconsideration.

13  Dated:  December 4, 2012                    Respectfully submitted,

14                                              KAYE SCHOLER LLP

15

16                                              By:___*/s/ Michael J. Malecek*_____
                                                     Michael J. Malecek
17                                              Attorneys for Defendant and Counterclaimant
                                                COMPLETE GENOMICS, INC.

18

19

20

21

22

23

24

25

26  [1] CGI reserves the right to seek sanctions against Illumina for seeking reconsideration without a
    proper basis and/or for an improper purpose under Civil Local Rule 7-9(c) and/or Rule 11 of the
27  Federal Rules of Civil Procedure.

28

CGI'S OPPOSITION TO MOTION TO RECONSIDER                    Case No. 3:10-cv-05542 EDL