KEVIN M. FLOWERS (admitted *pro hac vice*)
MARK H. IZRAELEWICZ (admitted *pro hac vice*)
JOHN R. LABBE (admitted *pro hac vice*)
CULLEN N. PENDLETON (admitted *pro hac vice*)
AMANDA K. ANTONS (admitted *pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Willis Tower
Chicago, Illinois 60606-6357
(312) 474-6300 (telephone)
(312) 474-0448 (facsimile)
E-Mail: kflowers@marshallip.com
E-Mail: mizraelewicz@marshallip.com
E-Mail: jlabbe@marshallip.com
E-Mail: cpendleton@marshallip.com
E-Mail: aantons@marshallip.com

GINA A. BIBBY
FOLEY & LARDNER LLP
975 Page Mill Road
Palo Alto, CA 94304
(650) 856-3700 (telephone)
(650) 856-3710 (facsimile)
E-Mail: gbibby@foley.com

Attorneys for Plaintiffs
ILLUMINA, INC. and SOLEXA, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ILLUMINA, INC. and SOLEXA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>COMPLETE GENOMICS, INC.,<br><br>Defendant. | Case No. 3:10-cv-05542 EDL<br><br>**ILLUMINA'S RULE 56(D) RESPONSE TO CGI'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT OF CLAIMS 2, 4 AND 5 OF THE '597 PATENT**<br><br>Date:    February 20, 2013<br>Time:   9:00 A.M.<br>Judge:  Honorable Elizabeth D. Laporte<br>Place:  Courtroom E, 15th Floor |

# TABLE OF CONTENTS

I.    Introduction ........................................................................................................... 1

II.   Legal standard under Rule 56(d) ............................................................................. 1

III.  Argument ............................................................................................................... 2

      A.    Illumina lacks facts essential to oppose CGI's motion, but has a basis
           for believing those facts exist ....................................................................... 2

      B.    Illumina requests the opportunity to take a Rule 30(b)(6) deposition
           of CGI before opposing CGI's motion ......................................................... 3

      C.    The Court should postpone further discovery and briefing until after
           deciding Illumina's reconsideration motion .................................................. 5

IV.  Conclusion ............................................................................................................ 6

1

## I.    Introduction

2        Illumina requests that the Court postpone further briefing regarding CGI's

3  Motion for Summary Judgment of Non-Infringement of Claims 2, 4, and 5 of the '597

4  patent, to permit Illumina to take a Rule 30(b)(6) deposition of CGI. Although

5  Illumina currently lacks facts essential to oppose CGI's motion, Illumina has not yet

6  taken a Rule 30(b)(6) deposition in this case. Before agreeing to postpone all

7  depositions, Illumina noticed and scheduled a Rule 30(b)(6) deposition of CGI on

8  numerous topics including the nature and use of probes in CGI's sequencing method.

9  But Illumina and CGI agreed to vacate the schedule following the Court's October 16,

10  2012 Order invalidating the method claims of the '597 patent. After vacating the

11  schedule, the Court ordered that it would "not set a briefing schedule for any further

12  motions for summary judgment until after the resolution of Plaintiff's anticipated

13  Motion for Leave to File a Motion for Reconsideration." (Dkt. No. 201.) Based on that

14  ruling, Illumina had no reason to pursue additional discovery at that time. But rather

15  than await the ruling on Illumina's reconsideration motion, CGI filed its

16  noninfringement motion now, before Illumina has had an opportunity to take the

17  Rule 30(b)(6) deposition it had previously scheduled.

18        Accordingly, under Rule 56(d), Illumina requests that the Court postpone further

19  briefing on CGI's Motion until after it decides Illumina's pending Motion for

20  Reconsideration and Illumina has an opportunity to take its Rule 30(b)(6) deposition

21  of CGI on topics relevant to the instant motion.

22 ## II.   Legal standard under Rule 56(d)

23        Under Federal Rule of Civil Procedure 56(d), the Court may "defer considering" a

24  motion for summary judgment if the nonmoving party demonstrates that "it cannot

25  present facts essential to justify its opposition" to the motion. Fed. R. Civ. P. 56(d).

26  "To prevail under this Rule, parties opposing a motion for summary judgment must

27  make '(a) a timely application which (b) specifically identifies (c) relevant

28  information, (d) where there is some basis for believing that the information sought

1   actually exists.'" *Tommy Bahama Group, Inc. v. Sexton*, Case No. 07-cv-6360-EDL,

2   2009 WL 4673863, at *15 (N.D. Cal. Dec. 3, 2009) (quoting *Employers Teamsters*

3   *Local Nos. 175 and 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129 (9th

4   Cir. 2004)). The nonmoving party must also show that it has been diligent in

5   pursuing discovery and that the information sought, if discovered, would preclude

6   summary judgment. *Id.*

7   **III.  Argument**

8
    **A.    Illumina lacks facts essential to oppose CGI's motion, but has a basis for
           believing those facts exist**
9

10   In its Motion, CGI contends that "[i]n its sequencing assay, CGI uses a single

11   pool per unknown position of all possible 9-mers (262,144 probes). CGI applies all

12   262,144 probes at the same time for a given unknown position in the same mixture or

13   pool, and does not segregate the probes based on annealing temperature or any other

14   parameter." (Mot. at 2:17–20.) Because CGI purportedly applies all probes at one

15   time, CGI contends that it does not practice element (iii) of claim 2 of the '597 patent,

16   which calls for a probe set where the probes "in that set have annealing temperatures

17   whose maximum and minimum values differ from each other by no more than 1° C."

18   Illumina currently lacks facts essential to oppose these key assertions in CGI's

19   motion. (Labbé Decl. ¶¶ 4–7.) After reviewing the documents that CGI has produced

20   to date, Illumina is not aware of sufficient evidence to rebut CGI's contention that it

21   adds all of its probes in one mixture at one time at a single temperature. (*Id.* ¶ 7.) To

22   oppose CGI's motion, Illumina seeks evidence to show that CGI applies subsets of its

23   probes (as "kits") in multiple reactions. (*Id.*)

24   Although Illumina is currently unaware of sufficient evidence that is dispositive

25   on this point, Illumina has a basis to believe that CGI applies its probes in subsets

26   based on different annealing temperatures, either in its current commercial system or

27   in earlier research and development systems. The Court construed the term

28   "annealing temperatures" to mean "particular temperatures at which probes that are

1    grouped in a probe set form a duplex." (Boyle Decl. Exh. B at 45.) The purpose of

2    CGI's probes is to form a duplex with complementary sequences in the target

3    polynucleotide to be sequenced. Consequently, CGI must ensure that its probes form

4    accurate duplexes with complementary bases in the target polynucleotide. But as CGI

5    itself notes, the annealing temperatures of the probes affects their stability when

6    binding with the target polynucleotide:

> As the temperature rises, more probes will melt and fewer probes will
> anneal; conversely, as the temperature falls, more probes will anneal
> and fewer probes will melt. Probes with greater stability or free energy
> of binding have higher annealing temperatures—because of their
> binding strength, they are still capable of annealing despite the
> relatively high temperatures. Probes with lesser stability or free energy
> of binding have lower annealing temperatures.

11   (Mot. at 8:11–16.)

12        As noted in the table on page 10 of CGI's motion, CGI's probes have annealing

13   temperatures that range from a high of 37.4˚ C to a low of -34.0˚ C, a range of over 70

14   degrees. Due to this huge range of annealing temperatures, if CGI runs its

15   sequencing reaction at a constant 28˚ C, and applies probes with the entire range of

16   annealing temperatures at one time, CGI is likely to get inaccurate results because

17   probes with high annealing temperatures will indiscriminately form duplexes with

18   the target polynucleotide, whereas probes with low annealing temperatures may not

19   form duplexes at all. This would lead to an unacceptable result. Thus, although CGI

20   contends that it applies all probes in a single reaction, Illumina has reason to believe

21   that CGI has applied its probes in subsets (as "kits") based on annealing

22   temperatures.

### B.    Illumina requests the opportunity to take a Rule 30(b)(6) deposition of CGI before opposing CGI's motion

25        Before further briefing CGI's motion, Illumina requests an opportunity to take a

26   Rule 30(b)(6) deposition of CGI. Before agreeing to postpone all depositions and

27   vacate the Court's scheduling order following the Court's October 16 invalidity ruling,

28   Illumina had noticed and scheduled a Rule 30(b)(6) deposition of CGI, including on

1   the following topic: "The probes (*i.e.*, any and all nucleic acids) used in the CGA

2   Platform, including, without limitation, the synthesis of and source of the probes used

3   in the CGA Platform, and the methods by which probes are utilized in the CGA

4   Platform." (Labbé Decl. Exh. A, Topic No. 3.) Illumina also requested testimony on

5   similar topics related to the development and operation of the CGA Platform. (*Id.*

6   Topics 1–7.) These topics encompass the facts that Illumina needs to establish

7   regarding CGI's use of probes and whether CGI applies probes in subsets based on

8   annealing temperatures.

9        Although Illumina has not yet identified sufficient evidence in CGI's document

10   production to rebut the motion, Illumina is entitled to at least a Rule 30(b)(6)

11   deposition before filing its opposition to CGI's motion. *See Founding Church of*

12   *Scientology of Washington, D.C., Inc. v. Webster*, 802 F.2d 1448, 1451 (D.C. Cir. 1986)

13   ("Depositions . . . rank high in the hierarchy of pre-trial, truth-finding mechanisms.

14   That is not surprising. Face-to-face confrontations prior to trial, with such indicia of

15   formality as administration of the oath, the presence of counsel, and stenographic

16   recording of the proceedings, are a critical component of the tools of justice in civil

17   litigation."). Through a deposition, Illumina may discover evidence that is not

18   reflected in CGI's documents, or may be in a better position to interpret the

19   information in those documents, or may learn that CGI has not produced all relevant

20   documents. Illumina can inquire about the documents that CGI has produced,

21   including information that may be missing from those documents. Notably, in its

22   motion, CGI does not cite any internal operating procedures regarding its commercial

23   sequencing method. During a deposition, Illumina can inquire about CGI's internal

24   documents and its current procedures, as well as the research and development that

25   led to CGI's current commercial system.

26

27

28

1

2

**C.    The Court should postpone further discovery and briefing until after deciding Illumina's reconsideration motion**

3    Illumina has not delayed in seeking discovery in this case, and therefore the

4    Court should permit it to take its Rule 30(b)(6) deposition of CGI before further

5    briefing CGI's motion. Illumina had noticed and scheduled the deposition of CGI's

6    chief scientific officer, Dr. Radoje Drmanac, for October 29, 2012 (and CGI indicated

7    that it would present him on technical 30(b)(6) topics). (Labbé Decl. ¶¶ 9–10.)

8    After vacating the scheduling order, the Court ruled that it would "not set a

9    briefing schedule for any further motions for summary judgment until after the

10    resolution of Plaintiff's anticipated Motion for Leave to File a Motion for

11    Reconsideration." (Dkt. No. 201.) Based on that ruling, Illumina had no reason to

12    seek additional discovery regarding the kit claims until after the Court decides its

13    reconsideration motion. Although Illumina has already deposed Dr. Matthew Callow,

14    CGI did not designate him to testify regarding any of Illumina's Rule 30(b)(6) topics.

15    (Labbé Decl. ¶ 11.)

16    For the sake of efficiency, the Court should postpone further discovery and

17    briefing until it decides Illumina's pending reconsideration motion. If the Court were

18    to grant Illumina's reconsideration motion, Illumina will need to depose Dr. Drmanac

19    on *all* of its technical Rule 30(b)(6) topics. If the Court denies that motion, Illumina's

20    deposition of Dr. Drmanac will be limited to issues related to the kit claims. Thus, if

21    Illumina were to depose Dr. Drmanac *now* on a limited set of topics related to the kit

22    claims, Illumina may need to depose him *again* if the Court grants Illumina's

23    reconsideration motion. To ensure that Illumina will only have to depose Dr.

24    Drmanac once, the Court should postpone further discovery until after it decides the

25    motion for reconsideration, when the outstanding issues in this litigation will be clear

26    and the parties can proceed with the discovery necessary to prepare those remaining

27    issues for trial or summary judgment.

28

1

## IV.   Conclusion

2        For the foregoing reasons, the Court should postpone further briefing of CGI's

3   motion for summary judgment until after the Court decides Illumina's pending

4   Motion for Reconsideration and after Illumina has an opportunity to take a Rule

5   30(b)(6) deposition of CGI on relevant technical topics.

6

7   Dated: January 7, 2013            Respectfully submitted,

8                                     MARSHALL, GERSTEIN & BORUN LLP

9                              By:   /s/ John R. Labbé
                                     John R. Labbé (admitted *pro hac vice*)
10                                   Attorneys for Plaintiffs
                                     ILLUMINA, INC. and SOLEXA, INC.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28