KAYE SCHOLER LLP

1
2
3
4
5
6
7
8

Michael J. Malecek (State Bar No. 171034)
Email address:  michael.malecek@kayescholer.com
Sean Boyle (State Bar No. 238128)
Email address:  sean.boyle@kayescholer.com
Marisa Armanino Williams (State Bar No. 264907)
Email address:  marisa.armanino@kayescholer.com
KAYE SCHOLER LLP
Two Palo Alto Square, Suite 400
3000 El Camino Real
Palo Alto, California  94306
Telephone:  (650) 319-4500
Facsimile:  (650) 319-4700

Attorneys for Defendant
COMPLETE GENOMICS, INC.

9
10

**UNITED STATES DISTRICT COURT**

11

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

12

| | |
|---|---|
| ILLUMINA, INC., and SOLEXA, INC., ) | Case No. 3:10-cv-05542 EDL |
| ) | |
| Plaintiffs, ) | **DEFENDANT COMPLETE GENOMICS,** |
| ) | **INC.'S REPLY IN SUPPORT OF** |
| v. ) | **MOTION FOR SUMMARY JUDGMENT** |
| ) | **OF NON-INFRINGEMENT OF CLAIMS** |
| COMPLETE GENOMICS, INC., ) | **2, 4, AND 5 OF THE '597 PATENT** |
| ) | |
| Defendant. ) | Date:      February 20, 2013 |
| ) | Time:      9:00 A.M. |
| ) | Place:     Courtroom E, 15th Floor |
| ) | |
| ) | |
| ) | |

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

**TABLE OF CONTENTS**

2    **I.      INTRODUCTION** .......................................................................................... 1

3    **II.     ARGUMENT** ................................................................................................. 2

4            **A.      Summary Judgment Of Non-Infringement Is Proper Because Illumina
                       Admits It Cannot Rebut Evidence That CGI Uses A Single Pool Of All
                       9-Mers.** ............................................................................................... 2

5            **B.      Illumina's Rule 56(d) Response Is Improper Because It Seeks, Based On
                       Speculation, To "Discover" A Fact Squarely Negated By CGI's Sworn
6                      Declaration.** ....................................................................................... 4

7                    1.      The Callow Declaration Affirmatively Established The Fact Illumina
                             Now Seeks To Disprove. ............................................................... 4

8                    2.      Illumina Has No Other Plausible Basis For Believing That The Fact
                             It Seeks Actually Exists. ............................................................... 5
9

10           **C.      Illumina's Requested 30(b)(6) Deposition Would Be Pointless And
                       Wasteful.** ............................................................................................ 8

11                   1.      Illumina Cannot Show Even A Remote Chance Of Eliciting The Fact
                             It Seeks From Dr. Drmanac. ......................................................... 8

12                   2.      Illumina Already Deposed Dr. Callow And Was Not Diligent In
                             Seeking To Depose Dr. Drmanac. ............................................... 10

13   **III.    CONCLUSION** ............................................................................................ 12

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY ISO MSJ OF NON-INFRINGEMENT                          Case No. 3:10-cv-05542 EDL

**TABLE OF AUTHORITIES**

**Cases**

*Allen v. Centillium Commc'ns, Inc.*,
   No. 06-cv-06153, 2008 WL 916976, (N.D. Cal. Apr. 3, 2008)......................................... 3, 8

*Century Indem. Co. v. Liberty Mut. Ins. Co.*,
   708 F. Supp. 2d 202 (D.R.I. 2010)................................................................................... 11

*Continental Maritime of San Francisco, Inc. v. Pacific Coast Metal Trades District
   Council*,
   817 F.2d 1391 (9th Cir. 1987) ......................................................................................... 9

*Dunning v. Quander*,
   508 F.3d 8 (D.C. Cir. 2007) .......................................................................................... 3, 4

*Family  Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*,
   525 F.3d 822 (9th Cir. 2008) ........................................................................................... 4

*First Nat'l Bank v. Cities Serv. Co.*,
   391 U.S. 253 (1968).......................................................................................................... 11

*Getz v. Boeing Co.*,
   690 F. Supp. 2d 982 (N.D. Cal. 2010) ........................................................................ 7, 9

*G-I Holdings, Inc. v. Baron & Budd*,
   218 F.R.D. 409 (S.D.N.Y. 2003) ..................................................................................... 11

*Hydron Labs., Inc. v. Env't Prot. Agency*,
   560 F. Supp. 718 (D.R.I. 1983)......................................................................................... 11

*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*,
   454 F. Supp. 2d 966 (C.D. Cal. 2006) ........................................................................ 4, 11

*VISA Int'l Serv. Ass'n v. Bankcard Holders of America*,
   784 F.2d 1472 (9th Cir. 1986) ......................................................................................... 4

*Volk v. D.A. Davidson & Co.*,
   816 F.2d 1406 (9th Cir. 1987) ...................................................................................... 4, 7

**Statutes**

Federal Rule of Civil Procedure 56(d)..................................................................................... passim

Federal Rule of Civil Procedure 56(f) ...................................................................................... 4

REPLY ISO MSJ OF NON-INFRINGEMENT                                Case No. 3:10-cv-05542 EDL

**I.     INTRODUCTION**

Far from convincing the Court that Illumina deserves further discovery on CGI's technology, Illumina's Rule 56(d) Response ("Response") To CGI's Motion For Summary Judgment Of Non-Infringement Of Claims 2, 4, And 5 Of The '597 Patent ("Motion") only confirms that CGI's Motion is ripe for granting.  Illumina concedes that there is only one material issue:  whether "CGI applies its probes in subsets based on different annealing temperatures." Response at 2.  As Illumina admits, this supposed fact is "essential" to its ability to prove infringement. *Id.* at 1.  If Illumina cannot prove this supposed fact, it cannot show that CGI infringes the kit claims, and summary judgment of non-infringement must be granted.  The simple fact is that CGI does not do this, and therefore, does not infringe.

In its opening brief and accompanying declaration and exhibits from Dr. Matthew Callow ("Callow Declaration"), CGI explains in great detail that it <u>does not</u> use subsets of probes based on annealing temperatures, as required by the kit claims.  Rather, CGI does exactly the opposite: it applies all possible 9-mers (262,144 probes in total) at once and in the same mixture.  It does not segregate this pool of probes in any way, let alone by annealing temperatures.  CGI, therefore, has established, through sworn testimony and documentary evidence, that it <u>does not</u> apply its probes in subsets based on annealing temperatures—the "essential" fact Illumina needs to oppose CGI's Motion.  Illumina has had ample opportunity to develop through discovery the facts surrounding CGI's alleged infringement of the kit claims.  Illumina filed this lawsuit two and a half years ago, on August 3, 2010.  Discovery has been ongoing for nearly two years.  Illumina concedes that (1) it has already reviewed more than 80,000 documents of over 600,000 pages in CGI's document production, and (2) it has already deposed Dr. Callow, the Managing Senior Scientist at CGI.  Response at 2, 4, and 5.  Having done so, Illumina still cannot identify any evidence that contradicts CGI's representation that it does not use subsets of probes based on annealing temperatures.  That is not surprising, as no such evidence exists.

In view of this evidence, Illumina's Rule 56(d) Response is plainly improper.  Illumina's only basis for believing that CGI uses subsets based on annealing temperatures is not only pure

1

KAYE SCHOLER LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**KAYE SCHOLER LLP**

attorney speculation but also squarely negated by the evidence in the record. A deposition of Dr. Radoje Drmanac, CGI's Co-Founder and Chief Scientific Officer (who, together with Dr. Callow, developed CGI's accused cPAL technology), would only further confirm this evidence. Because there is no dispute that CGI does not use subsets of probes, this Court can and should grant summary judgment of non-infringement without additional briefing or discovery, and deny Illumina's Rule 56(d) request.

## II.    ARGUMENT

### A.    Summary Judgment Of Non-Infringement Is Proper Because Illumina Admits It Cannot Rebut Evidence That CGI Uses A Single Pool Of All 9-Mers.

Illumina's Rule 56(d) response only confirms that the sole material fact at issue is undisputed. Illumina admits that, to overcome CGI's assertion of non-infringement, it must rebut CGI's contention that it uses a single pool of all 9-mers at once and in the same mixture. *See* Response at 1-3; Labbé Declaration ¶ 7. The only supposed fact Illumina seeks to establish through its requested Rule 56(d) discovery is that "CGI applies its probes in subsets based on different annealing temperatures." Response at 2. Illumina admits that this supposed fact is "essential" to oppose CGI's Motion—therefore, without this fact, Illumina cannot prove that CGI infringes the kit claims. *See* Response at 1.

But, hope as it might, Illumina cannot prove this essential fact because it is not true. CGI has submitted both sworn testimony and documentation establishing that CGI <u>does not</u> use subsets of probes based on annealing temperatures, but applies a single pool of all possible 9-mers at once and in the same mixture. In his declaration, Dr. Callow repeatedly underscored this point. *See* Callow Declaration at ¶ 4 (CGI uses "a single pool of probes"); ¶ 13 ("the cPAL method uses one pool of all 9-mer probes") ("Only a single pool is used in a particular reaction") ("cPAL is used to determine the base at position 4 using a single 'pool' of 262,144 sequencing probes"); ¶ 14 ("the cPAL sequencing method does not use sets of probes that differ by 1° C or less in terms of their annealing temperature"); ¶ 26 ("CGI does not divide the probe pool of all 9-mers into subsets based on annealing temperature or any other parameter. Instead, CGI applies the entire pool of 262,144 different 9-mer oligonucleotide probes at the same time in the same

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

mixture"); ¶ 27 ("CGI applies the entire probe pool of all 9-mers"); ¶ 31 ("the cPAL sequencing method uses a single pool of probes without the need to separate out the probes into subsets which share annealing temperatures within 1° C of each other").   In addition, Dr. Callow attached as support a peer-reviewed article published in the journal *Science* that depicts CGI's use of all possible 9-mers at once and in the same mixture.  *See* Callow Declaration, Ex. 2 at 8 (depicting four degenerate probes representing all 9-mers in CGI's single probe pool).

Moreover, Illumina admits that after reviewing CGI's entire document production (more than 600,000 pages and 80,000 documents), Illumina cannot identify any evidence that even suggests that CGI uses subsets of probes based on annealing temperatures.  Response at 2, 4 ("Illumina is not aware of sufficient evidence to rebut CGI's contention that it adds all of its probes in one mixture at one time at a single temperature") ("Illumina has not yet identified sufficient evidence in CGI's document production to rebut the motion . . ."); Labbé Declaration ¶ 7 ("After reviewing CGI's document production to date, Illumina is unaware of sufficient evidence to allow it to rebut CGI's contention.").

Because all the evidence in the record confirms that CGI does not use subsets of probes based on annealing temperatures, as required by the kit claims, there is no dispute of material fact. The Court, therefore, should grant summary judgment of non-infringement without further briefing or discovery.  *See, e.g.*, *Allen v. Centillium Commc'ns, Inc.*, No. 06-cv-06153, 2008 WL 916976, at *7 (N.D. Cal. Apr. 3, 2008) (Laporte, J.) (denying motion for continuance under Rule 56(f)[1] and granting defendant's motion for summary judgment); *Dunning v. Quander*, 508 F.3d 8, 11 (D.C. Cir. 2007) (affirming grant of summary judgment because the district court properly denied plaintiff's Rule 56(f) request, leaving "nothing more than the [defendant]'s uncontested motion for summary judgment").

---

[1] Former Federal Rule of Civil Procedure 56(f) was amended in 2010.  It is now set forth in Rule 56(d).  "Subdivision (d) carries forward without substantial change the provisions of former subdivision (f)."  Fed. R. Civ. P. 56 Advisory Committee's Note.

3

REPLY ISO MSJ OF NON-INFRINGEMENT                                      Case No. 3:10-cv-05542 EDL

KAYE SCHOLER LLP

**B.**     **Illumina's Rule 56(d) Response Is Improper Because It Seeks, Based On Speculation, To "Discover" A Fact Squarely Negated By CGI's Sworn Declaration.**

Illumina cannot meet the standard of Rule 56(d) because it fails to demonstrate that the essential fact it requires for its opposition actually exists.  Under Rule 56(d), Illumina must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from a 30(b)(6) deposition; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment. *Family  Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).  Failure to comply with these requirements "is a proper ground for denying discovery and proceeding to summary judgment." *Id.*  The party seeking to conduct additional discovery bears the burden of establishing sufficient facts to show that the evidence sought exists. *Volk v. D.A. Davidson & Co.*, 816 F.2d 1406, 1416 (9th Cir. 1987).

**1.**     **The Callow Declaration Affirmatively Established The Fact Illumina Now Seeks To Disprove.**

Simply put, Illumina seeks discovery to establish a single "fact" that has already been disproven by the Callow Declaration.  This is a misuse of Rule 56(d). *Volk v. D.A. Davidson & Co.*, 816 F.2d 1406, 1416 (9th Cir. 1987) (courts will deny Rule 56(f) discovery applications where the moving party's evidence affirmatively negates the factual issues which the opposing party claims remain controverted).  As explained in Section II.A., the Callow Declaration affirmatively established that CGI does not use subsets based on annealing temperatures, but applies a single pool of all 9-mers at once and in the same mixture.  In view of this conclusive evidence, Illumina cannot successfully seek further discovery under Rule 56(d).

Nor can Illumina use Rule 56(d) simply to test the credibility of the already-established evidence. *See Dunning v. Quander*, 508 F.3d 8, 10 (D.C. Cir. 2007) (continuance for discovery "to question the veracity" of the opposing party's affidavits was properly denied where no reason was given to question their veracity); *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 454 F. Supp. 2d 966, 993 (C.D. Cal. 2006) (denying Rule 56(f) request because neither the desire to cross-examine an affiant nor an unspecified hope of undermining that affiant's credibility suffices to avert summary judgment pending further discovery, unless other evidence about the affiant's credibility raises a genuine issue of material fact).  Illumina has not alleged that the Callow

4

KAYE SCHOLER LLP

1
2
3
4
5
6
7
8
9
10

KAYE SCHOLER LLP

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Declaration is somehow deficient and should be disregarded by the Court.  Indeed, Illumina has no valid basis to do so.  Dr. Callow is one of the developers of cPAL, the accused technology in this litigation.  Callow Declaration ¶ 3.  He has a Ph.D. in Physiology and has performed scientific research in the field of Molecular Biology, and in particular, DNA sequencing, for twenty years.  *Id.* ¶ 2.  He has worked as a scientist at CGI since 2006, when CGI was first formed.  *Id.* ¶ 1.  He is the Managing Senior Scientist at CGI, responsible for overseeing the cPAL technology.  *Id.*  In his Declaration, Dr. Callow described the cPAL process in detail and included charts and histograms displaying the range of annealing temperatures of the single pool of all 9-mers used by CGI.  *Id.* ¶¶ 23, 25.  He included as exhibits to his declaration published documentation depicting the cPAL process and use of probes.  *Id.*, Ex. 1-2.  His declaration in support of CGI's Motion was made under penalty of perjury.  *Id.* at 9.  Illumina already deposed Dr. Callow but, tellingly, does not cite from his deposition.  Without even an allegation that Dr. Callow is lying, mistaken, or otherwise ill-equipped to explain how CGI's cPAL technology functions, Illumina cannot use Rule 56(d) simply to "check" that the sworn representations made by Dr. Callow are, in fact, true.

### 2. Illumina Has No Other Plausible Basis For Believing That The Fact It Seeks Actually Exists.

Despite the sworn testimony of Dr. Callow that CGI does not use subsets of probes based on annealing temperatures, Illumina inexplicably claims that it has "a basis to believe" that CGI does, in fact, use subsets of probes based on annealing temperatures.  Response at 2.  Illumina supposes that because CGI's probes have a range of annealing temperatures over 70° Celsius, CGI is unlikely to obtain accurate sequence determinations (since probes with high annealing temperatures will indiscriminately form duplexes with the target polynucleotide, whereas probes with low annealing temperatures may not form duplexes at all), and therefore, must be using subsets of probes to make its sequencing assay work.  *Id.* at 3.  Illumina's wild attorney speculation falls flat.

First, and quite tellingly, Illumina submits no expert declaration to buttress this supposition.  Nor does Illumina cite a single document from the 80,000 documents in CGI's

5

REPLY ISO MSJ OF NON-INFRINGEMENT                    Case No. 3:10-cv-05542 EDL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

production, or any of CGI's peer-reviewed publications, or statements in Dr. Callow's

declaration, or testimony from Dr. Callow's deposition, or other scientific publications on

sequencing, or even Illumina scientific publications or declarations by Illumina scientists.  In fact,

Illumina does not cite to any form of evidence to back up its supposition.  Instead, Illumina

extracts a few sentences from CGI's Motion that generally explain  how annealing temperature

relates to binding strength, and makes the facile observation that CGI's use of all 9-mers at once

and in the same mixture shouldn't work.[2]  Illumina's petition for further discovery is thus based

on pure attorney argument, and not on even a shred of evidence of any kind—fact or expert.  In

view of these deficiencies, Illumina cannot sustain its Rule 56(d) request.

Second, the Callow Declaration eviscerates even the meager attorney argument offered to

bolster Illumina's supposition.  Dr. Callow explains that CGI's technology does not rely on

differential probe annealing to achieve accurate sequence determinations.  Callow Declaration ¶¶

29-31; Motion at 12.  Instead, CGI relies on ligase to identify the matching probe and lock it in to

obtain the correct read.  *Id.*  The probes associate only transiently with the target polynucleotide

and depend on ligase to ensure that the matching probe is not displaced by a probe with greater

binding capacity.  *Id.*  All sequences have the opportunity to be "tested" against the target

polynucleotide, but only those with the higher number of matching bases are locked in place by

ligase.  Callow Declaration ¶ 30.  Illumina's supposition that CGI <u>must</u> be using subsets, or else

its sequencing method would not work, blatantly ignores this explanation of CGI's technology,

provided under oath by a competent scientist and witness whom Illumina has already deposed.

Furthermore, Illumina's attorney argument is also contradicted by the 1994 Pease

reference.  The Pease reference, which Illumina distinguished during prosecution, expressly

taught that the application of all probes of a given length (in that case, 8-mers) at the same time

and in the same mixture would, in fact, work.  *See* Boyle Declaration, Ex. F.  Illumina

acknowledged this fact at multiple points during the '597 patent's prosecution.  *See, e.g.*, *id.*, Ex.

---

[2] While CGI's method does of course work, this issue is not relevant.  The only relevant inquiry is
whether CGI does, in fact, apply its probes in this manner.  This fact is not in genuine dispute.

6

REPLY ISO MSJ OF NON-INFRINGEMENT                                    Case No. 3:10-cv-05542 EDL

KAYE SCHOLER LLP

1    H at 4 ("[t]here is no teaching or suggestion [in Pease] to provide subsets of oligonucleotides

2    having similar free energy of duplex formation"); Ex. I at 5 ("[t]he third instance [in Pease], in

3    which all possible sequences are present, does not suggest a subset of probe oligonucleotides

4    belonging to a single stringency class") (emphasis in original).  This fact further undermines

5    Illumina's attorney argument that CGI must be using subsets of probes because the use of all

6    possible 9-mers could not work.

7           Finally, Illumina fails to meet the standard of Rule 56(d).  As Illumina acknowledges, a

8    party seeking Rule 56(d) discovery must show that the discovery sought, if obtained, would

9    preclude summary judgment.  Response at 2 (citing *Tommy Bahama Group, Inc. v. Sexton*, Case

10   No. 07-cv-6360, 2009 WL 4673863, at *15 (N.D. Cal. Dec. 3, 2009)).  To preclude summary

11   judgment of non-infringement, Illumina must show not only that CGI uses subsets of probes

12   based on annealing temperature—it must show that one such set contains probes with annealing

13   temperatures within 1° C of each other.  *See* Motion at 7 (CGI does not infringe the kit claims

14   because it does not practice at least limitation (iii) of claim 2, which requires that "'for at least

15   one said probe set, the different-sequence, single stranded oligonucleotide probes in that set have

16   annealing temperatures whose maximum and minimum values differ from each other by no more

17   than 1° C.'").  But Illumina does not even allege that it has a basis for believing that this is the

18   case.  Its only allegation (and only object of discovery) is that CGI uses subsets, a fact which,

19   even if true (which it is not), would not preclude summary judgment.  *Metro-Goldwyn-Mayer*

20   *Studios, Inc.*, 454 F. Supp. at 999 (denying Rule 56(f) request because allegations, even if proven,

21   were insufficient to defeat summary judgment).

22          Because Illumina's supposition is purely speculative, its Rule 56(d) application must be

23   denied.  A mere hope of fabricating favorable evidence cannot sustain a Rule 56(d) request.  *Getz*

24   *v. Boeing Co.*, 690 F. Supp. 2d 982, 1000 (N.D. Cal. 2010) (Rule 56(f) request denied because it

25   was based on mere speculation that depositions would uncover facts that contradicted those facts

26   relied upon by defendants in their motion for summary judgment); *Volk v. D.A. Davidson & Co.*,

27   816 F.2d 1406, 1416 (9th Cir. 1987) (courts deny Rule 56(d) applications where it is clear that the

28

KAYE SCHOLER LLP

7

REPLY ISO MSJ OF NON-INFRINGEMENT                           Case No. 3:10-cv-05542 EDL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KAYE SCHOLER LLP

evidence sought is almost certainly nonexistent or is the object of pure speculation).  Therefore,

the Court should deny Illumina's Rule 56(d) application and grant CGI's Motion.  *See, e.g.*, *Allen*,

2008 WL 916976, at \*7 (Laporte, J.) (denying motion for continuance under Rule 56(f) and

granting defendant's motion for summary judgment).

**C.      Illumina's Requested 30(b)(6) Deposition Would Be Pointless And Wasteful.**

**1.      Illumina Cannot Show Even A Remote Chance Of Eliciting The Fact It Seeks From Dr. Drmanac.**

Though the record establishes that CGI does not use subsets of probes based on annealing

temperature, Illumina asks for a deposition to confirm these already-established facts.  CGI seeks

to depose, as a 30(b)(6) witness, Dr. Radoje Drmanac, CGI's Co-Founder, Chief Scientific

Officer, and one of the developers of CGI's cPAL technology.[3]  Such a deposition would be a

wasteful exercise.

As a preliminary matter, CGI has already submitted <u>sworn testimony</u> from Dr. Callow,

who developed CGI's cPAL technology with Dr. Drmanac, confirming that CGI uses a single

pool of all 9-mers at once and in the same mixture.  Callow Declaration ¶¶ 4, 13, 14, 26, 27, and

31.  Illumina has already deposed Dr. Callow.  Tellingly, Illumina does not identify any evidence

it could use to undermine CGI's assertions.  To the contrary, Illumina concedes that all available

information only confirms CGI's assertions.  Response at 2, 4 ("Illumina is not aware of

sufficient evidence to rebut CGI's contention that it adds all of its probes in one mixture at one

time at a single temperature") ("Illumina has not yet identified sufficient evidence in CGI's

document production to rebut the motion . . ."); Labbé Declaration ¶ 7 ("After reviewing CGI's

document production to date, Illumina is unaware of sufficient evidence to allow it to rebut CGI's

contention").  These facts alone are enough to preclude a deposition of Dr. Drmanac.

---

[3] Illumina professes, without explanation, to need a 30(b)(6) deposition, presumably because any statements about probes made therein would be binding on CGI.  However, this is not a legitimate need.  CGI submitted the Callow Declaration in support of its Motion, thereby adopting the sworn statements made by Dr. Callow about CGI's use of probes.  Likewise, CGI hereby adopts the sworn statements made in the Drmanac Declaration submitted with this Reply.

8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KAYE SCHOLER LLP

Even with this conclusive record, in an effort to crystallize this issue to the maximum extent possible, CGI submits a sworn declaration from Dr. Drmanac confirming the accuracy of the information in the Callow Declaration.  Drmanac Declaration ¶¶ 5-6.  This declaration erases any doubt about CGI's use of a single pool of probes rather than subsets of probes, and renders a deposition of Dr. Drmanac truly pointless.  Indeed, Illumina does not even identify a single piece of evidence with which it could possibly cross-examine Dr. Drmanac, nor does it identify any basis at all for believing it could elicit contradictory facts from Dr. Drmanac.

The hope that Illumina might fabricate favorable evidence cannot sustain its Rule 56(d) request.  In *Continental Maritime of San Francisco, Inc. v. Pacific Coast Metal Trades District Council*, 817 F.2d 1391, 1395 (9th Cir. 1987), an antitrust case, the plaintiff sought to depose representatives of the defendants on whether the defendants intended to injure the plaintiff in granting wage concessions to certain shipyards.  *Id.*  Most of the potential representatives had already filed affidavits stating that the defendants had no intent to injure the plaintiff.  *Id.*  The plaintiff's Rule 56(d) request did not identify specific facts it was likely to seek from the depositions; rather it "only expressed the hope that evidence to contradict the affidavits would transpire at deposition."  *Id.*  Because plaintiff's discovery request amounted to nothing more than "a mere hope that further evidence may develop," the Ninth Circuit upheld the denial of the Rule 56(d) request and the grant of summary judgment.  *Id.*  Likewise, Dr. Callow (and now Dr. Drmanac) have submitted sworn declarations stating that CGI does not use subsets of probes based on annealing temperatures.  Illumina has failed to muster a single plausible reason for why Dr. Drmanac might testify at deposition that CGI does, in fact, use subsets of probes based on annealing temperatures.  The case law is clear that such a showing is deficient under Rule 56(d).  *Id.*; *see also Getz*, 690 F. Supp. 2d at 1000 (Rule 56(f) request denied because it was based on mere speculation that depositions would uncover facts that contradicted those facts relied upon by defendants in their motion for summary judgment).

9

KAYE SCHOLER LLP

### 2.      Illumina Already Deposed Dr. Callow And Was Not Diligent In Seeking To Depose Dr. Drmanac.

Illumina has had ample opportunity to develop, through deposition testimony and other discovery, the facts surrounding CGI's alleged infringement of the kit claims.  Illumina filed this lawsuit two and a half years ago, on August 3, 2010.  Its claim for infringement of the kit claims has been on file since the beginning of this lawsuit.  Moreover, discovery has been ongoing since at least March 2011—a period of nearly two years.  In particular, in October, Illumina deposed Dr. Callow and questioned him about CGI's probes.  Any failure to ask additional questions of Dr. Callow lies exclusively with Illumina.  At the time of Dr. Callow's deposition, Illumina maintained its claim for infringement of the kit claims and was well aware that Dr. Callow, a developer of cPAL, was knowledgeable about CGI's use of probes.

Likewise, Illumina was not diligent in seeking the deposition of Dr. Drmanac.  Despite knowing that it would need to prove infringement of the kit claims, and that Dr. Drmanac was CGI's Chief Scientific Officer and developer of cPAL, Illumina did not notice Dr. Drmanac's deposition until the latter half of 2012, more than a year after discovery had begun.  Furthermore, Illumina did not diligently seek a deposition of Dr. Drmanac once CGI notified Illumina that CGI would move for summary judgment on the kit claims.  Soon after the Court granted CGI's motion for summary judgment of invalidity, CGI informed Illumina that CGI was preparing a second motion for summary judgment of non-infringement of the kit claims, the only remaining asserted claims in the litigation.  Dkt. No. 200 at 1-2.  During this time, Illumina never contacted CGI to request a deposition of Dr. Drmanac.  After CGI filed its Motion on December 10, 2012, Illumina neither noticed Dr. Drmanac's deposition nor asked the Court for an extension of the briefing schedule to allow for Dr. Drmanac's deposition.  Instead, in an attempt to delay resolution of CGI's Motion, Illumina waited until the last possible moment to file a Rule 56(d) request to seek further discovery and a continuance in the briefing schedule.[4]  This lack of diligence in seeking

---

[4] Illumina has not shown a sufficient basis under Rule 56(d) for a continuance in the briefing and hearing schedule to allow time for further discovery.  However, if the Court is inclined to grant Illumina a 30(b)(6) deposition of Dr. Drmanac, the deposition should be narrowly tailored to the sole fact issue Illumina has identified:  whether CGI applies its probes in subsets based on

(continued...)

10

REPLY ISO MSJ OF NON-INFRINGEMENT                                    Case No. 3:10-cv-05542 EDL

1   purportedly "essential" discovery compels a denial of Illumina's Rule 56(d) request. *See Metro-*

2   *Goldwyn-Mayer Studios, Inc.*, 454 F. Supp. 2d at 994 (denying Rule 56(d) request on basis of

3   lack of diligence in seeking discovery where case had been pending for several years and

4   rejecting party's excuse that it was focused on other legal issues in the litigation).

5          Finally, the Court should reject Illumina's request to hold determination of CGI's Motion

6   until the Court resolves Illumina's Motion for Reconsideration on the method claims ruled invalid

7   by this Court on October 16, 2012. Dkt. No. 197. Illumina previously attempted to dissuade the

8   Court from hearing CGI's Motion. Dkt. No. 200 at 1; Dkt. No. 213 at 5. However, despite

9   Illumina's pending Motion for Reconsideration, the Court permitted CGI to file its Motion and

10  scheduled a hearing for February 20, 2013. Dkt. No. 216; Dkt. No. 222. The Court should reject

11  this latest attempt by Illumina to flout the Court's decision and postpone consideration of CGI's

12  Motion. Rather, as Illumina admits that there is no dispute that CGI does not use subsets of

13  probes based on annealing temperature, the Court should grant CGI's Motion without further

14  briefing or discovery and deny Illumina's Rule 56(d) application.

15  / / /

16  / / /

17  / / /

18  _____

19  annealing temperatures. *See First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 297-98 (1968)
    (discovery carried out pursuant to a Rule 56(d) response is comparatively limited for the purpose

20  of showing facts sufficient to withstand a summary judgment motion, rather than the Rule 26
    procedure, which provides for broad pretrial discovery); *G-I Holdings, Inc. v. Baron & Budd*, 218

21  F.R.D. 409 (S.D.N.Y. 2003) (continuance granted only for limited discovery, other discovery
    requests premature or impermissible "fishing expedition"); *Century Indem. Co. v. Liberty Mut.*

22  *Ins. Co.*, 708 F. Supp. 2d 202 (D.R.I. 2010) (defendant granted continuance to conduct limited
    discovery on whether plaintiff had exhausted all insurance contributions and mitigated damages);

23  *Hydron Labs., Inc. v. Env't Prot. Agency*, 560 F. Supp. 718 (D.R.I. 1983) (plaintiff's motion for
    continuance granted for purposes of conducting limited discovery related to two material facts

24  remaining unresolved). Accordingly, if the Court orders a deposition of Dr. Drmanac, CGI

25  proposes the following limitations: (1) no longer than sixty minutes; (2) to take place before
    January 31, 2013; and (3) limited to questioning based on the single fact issue identified by

26  Illumina—whether CGI uses subsets of probes based on annealing temperatures. In addition, the
    Court should order Illumina to file its Statement of Non-Opposition within five court days of this

27  deposition.

28

KAYE SCHOLER LLP

11

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**III.    CONCLUSION**

For all the foregoing reasons, CGI respectfully requests that the Court:  (1) grant summary judgment of non-infringement of claims 2, 4, and 5 of the '597 patent without further briefing or discovery; and (2) deny Illumina's requests for a 30(b)(6) deposition and continuance of the briefing schedule.

Dated:  January 17, 2013

Respectfully submitted,

KAYE SCHOLER LLP


By:    */s/ Michael J. Malecek*
       Michael J. Malecek
Attorneys for Defendant and Counterclaimant
COMPLETE GENOMICS, INC.

12

REPLY ISO MSJ OF NON-INFRINGEMENT                    Case No. 3:10-cv-05542 EDL

KAYE SCHOLER LLP