# KAYE SCHOLER LLP

Michael J. Malecek
650.319.4508
michael.malecek@kayescholer.com

Two Palo Alto Square
Suite 400
3000 El Camino Real
Palo Alto, California  94306-2112
650.319.4500
Fax 650.319.4908
www.kayescholer.com

March 4, 2013

**FILED VIA ECF SYSTEM**

The Honorable Elizabeth D. Laporte
Chief Magistrate Judge
U.S. District Court for the Northern District of California
450 Golden Gate Avenue
San Francisco, California  94102

        Re:    *Illumina, Inc. and Solexa, Inc. v. Complete Genomics, Inc.*,
               Case No. 3:10-cv-05542 EDL

Your Honor:

      We write in regards to this Court's February 25, 2013 Order asking CGI to file a further supplemental declaration clarifying whether its documents corroborate the statement that "[a]t no time had CGI made, stored, or used a set of fifty or more oligonucleotide probes with annealing temperatures whose maximum and minimum values differ from each other by no more than 1° C."  *See* Dkt. Nos. 239, 237 ¶ 10.

      Illumina has conceded that the application of all 9-mers at once and in the same mixture does not infringe Claim 2 of the '597 patent.  Dkt. No. 225; *see also* Kevin Flowers:  Tr. 16:22-17:2 ("And if -- in fact, I mean, I'll put it on the line right now.  If Dr. Drmanac can take us through the documents and show us that in fact, from the very beginning, they used that pool of 64,000 probes or whatever it is to interrogate each position, and he shows us where that is in the documents, we'll withdraw the claims.").

      Illumina should have known this fact from the *Science* publication available to it well before it ever filed this lawsuit.  Illumina's present admissions demonstrate that it never even had a Rule 11 basis for asserting these claims.  But in any case, CGI has now submitted four sworn declarations (including a supplemental declaration from Dr. Matthew Callow) confirming that CGI's accused commercial cPAL sequencing process applies the entire pool of all 262,144 9-mers at once and in the same mixture and always has done so.  *See* Dkt. Nos. 219, 228, 237, and today's filing.  Illumina has failed to point this Court to any evidence to the contrary, because, of

KAYE SCHOLER LLP

The Honorable Elizabeth D. Laporte    - 2 -    March 4, 2013

course, it cannot. CGI thus carried its burden under Rule 56 and summary judgment has been and remains proper in view of the undisputed material facts.[1]

In the face of this clear set of facts requiring the entry of summary judgment, at the February 20, 2013 hearing, Illumina floated a new infringement theory: "if anyone, including CGI, has a stock -- even one test tube -- of probes that satisfy the limitations of that product claim . . . then they infringe. It doesn't actually matter what they use in their sequencing process." Tr. at 11:17-23. Illumina did not plead this new infringement theory. *See* Dkt. No. 1. Nor did Illumina identify this theory in its infringement contentions or even in its January 7, 2013 Rule 56(d) request. *See* Dkt. Nos. 220-3, 225. Indeed, Illumina's Rule 56(d) request had singled out one fact for discovery—whether CGI *applied* its probes in subsets based on annealing temperature. Dkt. No. 225. Nowhere did Illumina assert that the mere storage of probes meeting the claim limitations would infringe the '597 patent nor did Illumina ever claim to accuse non-commercialized research and development efforts. Rather, Illumina raised this argument for the very first time at the February 20, 2013 hearing, with no advance notice to CGI.

Even so, CGI provided yet another uncontroverted sworn statement that it does not and has not possessed or used such a probe set. Yet again, without any evidence controverting that sworn statement, Illumina has demanded that CGI "prove a negative" by providing documentation that would confirm whether "CGI has ever or today had stocks of probes which satisfy the limitations of this product claim or these product claims." Tr. 12:7-9.

This demand to prove a negative to dispel an unpleaded infringement theory is completely contrary to the Federal Rules of Civil Procedure. It would vitiate Rule 11 and Rule 56 if plaintiffs could simply state – especially at this late stage of a case – that they just "don't know" whether a party might have infringed at some point and then put the burden on the accused infringer to prove the negative. This is especially the case where the patentee knew or should have known based on peer-reviewed publications that the accused commercial process used a non-infringing set of probes. Nevertheless, that is the burden CGI has been asked to meet.

In an effort to satisfy this unprecedented requirement to prove the negative, CGI submits today another supplemental sworn declaration from Dr. Matthew Callow explaining his efforts to

---

[1] To obtain further discovery under Federal Rule of Civil Procedure 56(d), Illumina was required to show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from additional discovery; (2) the facts sought actually exist; and (3) the sought-after facts are essential to oppose summary judgment. *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). Failure to comply with these requirements "is a proper ground for denying discovery and proceeding to summary judgment." *Id.* The party seeking to conduct additional discovery bears the burden of establishing sufficient fact to show that the evidence sought exists. *Volk v. D.A. Davidson & Co.*, 816 F.2d 1406, 1416 (9th Cir. 1987). We refer the Court to CGI's reply brief, Dkt. No. 227, for a more complete discussion of Illumina's failure to meet the legal standards for a Rule 56(d) request.

KAYE SCHOLER LLP

The Honorable Elizabeth D. Laporte     - 3 -     March 4, 2013

prove this negative.  <u>Even though it is Illumina, not CGI, that bears the burden under Rule 11 and Rule 56(d)</u> to show some basis for believing that evidence existed to contradict the sworn testimony already submitted by CGI, CGI undertook this effort – an effort, which consumed many hours of a key scientists time, in-house lawyers' time, and additional outside attorneys fees and costs to a company under documented financial duress.  In his supplemental declaration, Dr. Callow points to specific documentation as best he can and also endeavored to ascertain whether any other scientists at the company could remember using such a set of probes.  They cannot.  And, as should be readily understandable, CGI does not "document" all the things that it does <u>not</u> do.

      Therefore, in view of Illumina's admissions and the uncontested record, CGI requests that this Court promptly deny Illumina's Rule 56(d) request and grant CGI's motion for summary judgment of non-infringement.  *See Dunning v. Quander*, 508 F.3d 8, 11 (D.C. Cir. 2007) (denying Rule 56(f) request and granting summary judgment where the court was left with "nothing more than [an] uncontested motion for summary judgment" as the evidence was "so one-sided that one party must prevail as a matter of law.").

      Sincerely,

      */s/ Michael J. Malecek*

      Michael J. Malecek